**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

MAR 1 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MR. SAM L. CLEMMONS          )   **CIVIL ACTION NO:**
548 SAINT CHARLES PL         )
BROOKHAVEN, MS 39601         )

vs.

CASE NUMBER  1:06CV00510

JUDGE: Royce C. Lamberth

Department of the Army
Office of the General Counsel          DECK TYPE: FOIA/Privacy Action
Washington, DC 20310-0104

DATE STAMP: 03/10/2006

## FOIA COMPLAINT VIOLATION & OTHERS

Comes Samuel L. Clemmons, Jr. file this civil complaint in

District Court for the District of Columbia against the

Department of Defense and one federal employee by the name of

Allan T. Downen. Mr. Allan T. Downen is the Chief Claim Branch

officer who is believe to have well over 15 years of experience

in administrating and processing claims within the Department of

Defense. It is believe but not yet confirmed that Mr. Downen has

committed identity theft, identity fraud and theft by deception

by providing the Army Criminal Investigation Command Center the

Plaintiff's personal information under two incidents of wrongful

alleged claims to defraud the government or false attempts to

settle claims. It is believed that the Defendant reported that

the Plaintiff tried to defraud the government of $20,000.00 on

one incident. The Plaintiff tried to defraud the government of

1   $500.00 on another incident; therefore, defrauding the

2   government of a total of $20,500.00 against the United Statement

3   Government or attempting to defraud the government during the

4   period of times these claims were submitted. These false claims

5   or allegations alone have caused tremendous amount of hardships

6   upon the Plaintiff and the Plaintiff's potential careers

7   opportunities. It is believed that the Defendant is responsible

8   for providing the Army Criminal Investigation Command Center the

9   Plaintiff's personal information such as name, address, social

10  security number and date of birth without the Plaintiff

11  acknowledgment or consent. The Defendant have failed to produce

12  either a court order, military documents nor a warrant to

13  request an investigation or prove such admission is needed under

14  the Freedom of Information Act which now makes the Defendant to

15  be in violation of the law.  See Case law and related cases of

16  State of Utah v. Kevin Chukes, No. 20020376-CA; U.C.A. 1953, 76-

17  1-402,76-6-405,76-6-1102.

18

19

20      Base on the Plaintiff's years or experience in the

21  military, the Plaintiff is fully aware that the military

22  requires documentation to support every action or reasons for

23  entry or anyone information into anything in a military sector

24  or environment, especially into a national criminal database.

Before I (the Plaintiff) continue to address my case and complaint to the courts, I would like to inform the Defendants and the courts that these incidents happen or took place during the year of 1994. The incident happen during the period of time the Plaintiff's household items were received coming from a departure by the way of Germany to August, Georgia.

While in the process or en-route many of the Plaintiff's household shipment items were completely destroyed. The Plaintiff took the appropriate steps in reporting the damage to the Fort Gordon's Authorities. The Fort Gordon Authorities sent out an inspector to get an assessment of the damages. Army Inspector James Reid signed a document dated February 18, 1994 on March 15, 1994, this document will be submit at the time or motion to enter discovery to show proof that such damage was accurate and a fact.

The Plaintiff was given a list of professional furniture repair shops in the area that the Fort Gordon Claims' office uses. The Plaintiff contacted one of many repair shops in the area by the name of Furniture Doctor. Furniture Doctor came out to write up an estimate report of many items that were damage and items damage beyond repair. To the Plaintiff's knowledge during this time Furniture Doctor left off the mattress and the

box spring to a large bedroom set that was completely destroy

during this move. The mattress and the box spring replacement

cost were approximately $500. Furniture Doctor had only placed

on the estimate report $1,500.00. Which was an _error_ on

Furniture Doctor part, later Furniture Doctor did correct. The

Plaintiff and the Plaintiff's designated power of attorneys

representatives later got a second opinion and turned such

estimate report in to the Fort Gordon military authorities and

the Plaintiff's private appointed attorney which was later

denied by the Fort Gordon claims office for some strange reason.

This denial was not in accordance with the claim processing or

procedures in submitting a claim for recovery.


    During this process, Furniture Doctor was contact during

this time by the Plaintiff's mother who was given a power of

attorney to handle the Plaintiff's military claims. During this

period of time the claim was submitted the Plaintiff was absent

in completing other military business and family's business

matters. The Plaintiff has documentation and voicemail recording

to verify the timeline and these documents and items will be

submitted at the time a motion is given to enter discovery.

(FACT)

1    Prior to the Plaintiff's absent to complete other matters,
2  the Plaintiff signed the forms and advised family members who
3  had power attorneys to submit the claim within the proper time
4  frame. To allow the proper recovery for the damage items to be
5  claim within the proper time period of filing a claim. (FACT)

6

7    In the month of June of 1994, the Plaintiff received a
8  message that there were a few issues concerning the Plaintiff's
9  household claim that the Plaintiff could not understand,
10  especially after the inspector's report. Upon receiving these
11  messages from family members and due to the Plaintiff's agendas
12  at the time, on June 10, 1994, the Plaintiff hired a private
13  attorney by the name of Chuck R. Pardue. (FACT)
14

15

16    Attorney Pardue is located in the August, Georgia area near
17  the post of Fort Gordon. Attorney Pardue's job and tasks were to
18  fully and completely handle whatever matters or issues there may
19  be concerning the household goods claim; therefore, releasing
20  the Plaintiff, the Plaintiff's mother and other relatives from
21  the lack of understanding and dealing with the military and the
22  claim processing. The Plaintiff's mother and himself turned over
23  all documentation to Attorney Chuck R. Pardue and Attorney
24  Pardue advised the plaintiff that he would fully handle the
25  matter or whatever issues there maybe. (FACT)

Sam L. Clemmons v. Dept of Army Office of the General Counsel, Washington, DC
20310-0104

1    These documents from Attorney Pardue will be turned over to

2    the courts at the time the courts place such order to enter

3    discovery such document has already been submitted to the

4    Department of Defense for submission and processing for their

5    records. (FACT)

6

7

8    It is from the Plaintiff's understanding that the Defendant

9    wishes not to accept or deal with the Plaintiff's private

10    attorney concerning the Plaintiff's household good claim. During

11    this time, it is alleged that the Defendant still wish to

12    allegedly contact the Military Criminal Investigation Command by

13    telephone and not by providing accurate paperwork or

14    documentation to give this command the Plaintiff's personal

15    information to be placed in their criminal database to

16    intentionally harm or destroy the Plaintiff's future and career.

17

18    The Plaintiff states to the courts that this is an

19    assumption were the identity theft and identity fraud may have

20    taken place. It should be known to the courts that this

21    miscommunication or incident on behalf of the Defendant's

22    actions have caused so much hardship that the Plaintiff have

23    face to this point in filing this complaint in the United States

24    District Courts for the District of Columbia for relief. (FACT)

25

1    Upon the Plaintiff's attorney (Chuck Pardue) exhausting his

2  efforts to correct this mistake of the law. The Plaintiff's

3  attorney gave the Plaintiff advice that if such matters should

4  surface to provide any sources with the documentation of proof

5  that such matters at this military command post is **not** fraud by

6  the Plaintiff. It is fraud by the military due to the military

7  actions in not accepting the truth. The Plaintiff will provide

8  the courts with 51 pages of support documentation to support the

9  Plaintiff's stance or actions that fraud never happen on behalf

10  of the Plaintiff during these periods of times. These pages will

11  be provided to the courts at the courts' motions to enter

12  discovery. (FACT)

13

14

15    The Plaintiff inform the courts that as of this date no one

16  has questioned the Plaintiff about any incidents nor asked the

17  Plaintiff for any information concerning these matters of law

18  before the courts. The employees of these federal agencies views

19  the Plaintiff as a convicted felon who does not qualify for many

20  positions that the Plaintiff have applied for in the United

21  States of America.

22

23

24    All the Plaintiff's 14 years served in the military was for

25  nothing and the Plaintiff's time of service has no meaning. Due

to this alleged mistakes of the law by the Department of Army of

the Department of Defense. Let it be known for the record, the Plaintiff has never had any pervious problems or violation during the Plaintiff's tenure of service in the Armed Forces not even a parking or vehicle violation.

The Plaintiff wishes to address to the courts that in the year of 1996 through 2006, the Plaintiff has applied for many top level or top-secret jobs or positions. The Plaintiff now knows, after the federal investigation conducted in June the year of 2000 there is a record labeling the Plaintiff as a convicted criminal. (FACT)

In the year of 2005, the Plaintiff discovered a letter from the Department of the Army, Headquarter U.S. Army Signal Center in Fort Gordon, Georgia. This letter ordered the Plaintiff not to reenter the reservation of Fort Gordon as if the Plaintiff was tried and convicted in a military court for a crime the Plaintiff never committed. This letter from Fort Gordon is dated, January 12, 1995 which is the same time frame the Plaintiff had battles with the Department of the Army false claims, claiming that the Plaintiff owed the Department of the Army $20,000.00. The Department of Defense placed a derogatory debt owed on the Plaintiff's credit file destroying the Plaintiff's character, ability to obtain credit, jobs, etc

1  causing a great deal of hardship to the Plaintiff and the

2  Plaintiff's family. (FACT)

3

4      The Plaintiff informs the courts, in order for the

5  Plaintiff to get relief and get the Department of the Army and

6  the Department of Defense off the Plaintiff's credit file and to

7  get some sort of freedom for the Plaintiff. A member from the

8  United States Senate by the name of Honorable Trent Lott had to

9  intervene to solve this matter and issues of the law. Which

10  resulted in a mistake made by the Department of the Army. Could

11  this same mistake be the one that plagues the Plaintiff today

12  labeling the Plaintiff a convicted criminal? The Plaintiff

13  states to the courts that this particular incident is greater

14  then the small claimed amount addressed earlier in this

15  complaint amounting to $500.00. This incident of $20,000.00

16  seems more of a felony violation and should have had priority

17  over any other smaller amount claimed or argued.

18

19

20      After Honorable Trent Lott intervention, the Plaintiff

21  thought this would be the end of the Plaintiff's fights and

22  struggles with the Department of the Army. The Plaintiff later

23  finds out that it is not over due to the identity theft and

24  identity fraud that still exist from the possibilities of the

25

1  Plaintiff returning to America in December of 1993 (coming from

2  Germany) caused by Allan T. Downen.

3

4      The Plaintiff states to the courts a lot of damage has

5  occurred here due to the Defendant's negligence acts. Therefore,

6  causing the Plaintiff to come forth today to file this complaint

7  against the Department of Army and the Department of Defense for

8  unauthorized and prohibited personnel actions of identity theft,

9  identity fraud and theft by deception. The Plaintiff is

10  requesting correction to the record, and to compel complete

11  removal of **all** the Plaintiff's personal information from

12  Department of Army, The Department of Defense and the Criminal

13  Investigation Command Center's databases.

14

15

16      The Plaintiff is requesting compensation after a court

17  examination of the Defendant's records, facts and rule that such

18  matters are a mistake of the law. The Defendant's were fully

19  capable of understanding the law and seeing that such actions

20  brought about by the Defendant is not justified and to award the

21  Plaintiff a summary judgement in the amount of **$15,000,000.00**

22  (fifteen million dollars) for punitive damages recovery and

23  violation of the Freedom of Information Act. If it is found by

24  the courts that the Department of Defense is also responsible

25  for such wrongful entry and submission of the Plaintiff's

1  personal information into a criminal database from these claims

2  and wrongful involvement with the Criminal Investigation

3  Command. Then this complaint should stand on it face and summary

4  judgement should be in whole.

5

6        The defendant should know or know that the simple way to

7  resolve this matter was to contact the Plaintiff via telephone

8  and request the Plaintiff to come in to discuss the claim

9  submission. The Defendant could have requested the Plaintiff to

10

11  return back to the Furniture Doctor to retrieve the correct

12  estimate report with correction, if the Defendant had the wrong

13  paperwork. To the Plaintiff's knowledge the Defendant had the

14  correct documents. The Defendant chose not to honor the proper

15  method and choose to make this matter bigger then what it is in

16  court today.

17

18        The Plaintiff does wish to adds an in-depth passage to the

19  Defendants. So that the Defendants will have a full but fair

20  understanding of the Plaintiff's actions here today in filing

21  this complaint before a judge or courts to hear and rule on the

22  Plaintiff's submission to request full relief from these

23  criminal's actions against the Plaintiff.

24

25

The Plaintiff would like to express to the Defendant or Defendants that ignorance of the law is no excuses, it is one of the most familiar phrases in any branch of jurisprudence. It is not entirely without exceptions although some exceptions are rare. What one has intended to do results in their own passage and interruptions of the law? In other words, what the Plaintiff is saying to the Defendant that every person, agency or departments are presumed to know the law. In order to understand either the rule itself or the exceptions thereto, it is necessary to know in this case matter what is the words "presumed" and "presumption" and they are used in three different senses in the law. One of the senses is to signify a mere inference of fact. The second one is a true presumption, which is a rule of law which calls for certain results unless the party or defendant adversely affected comes forward with evidence to overcome the complaint filed against such defendant. This (although it is the true presumption) often is referred to as a "*prima facie presumption*" to distinguish it from the so-called "conclusive presumption" which is a legal device in the form of a what they call a postulate. It is used for the determination of a particular case whether it represents the actual facts or not. Which bring about the rule of evidence when a typical example is the conclusive presumption of delivery by all parties or defendants to a negotiable instrument, which has

1  reached the hands of a holder such as the plaintiff in due

2  course. The net result of this "conclusive presumption" is that

3  such a plaintiff as myself in due course can enforced the

4  instrument such as a complaint such as I (the Plaintiff) am

5  doing as effectively against the Defendant who will have to

6  explain the Defendant's actions in ordering a criminal

7  investigation and giving such criminal investigation agency or

8  command the Plaintiff's personal information. And request to

9  label the Plaintiff as a convicted criminal for two incidents

10 beyond the Plaintiff's control, resulting in identity theft,

11 identity fraud and theft by deception to intentionally to cause

12 harm and hurt upon the Plaintiff. These are felony crimes.

13

14

15     If "everyone is presumed to know the law" in this sense, it

16 means that a particular case will be disposed of exactly as if

17 the Defendant actually did know the law whether such is the fact

18 or not. And this is exactly the sense in which this word should

19 be used in evaluation of the facts in this case before the judge

20 and the courts today. It is known this is the sense in which it

21 is used in all cases in which "ignorance of the law is no

22 excuse." There are some rare and exceptional cases in which

23 ignorance of the law is recognized as an excuse in some criminal

24 cases the presumption is rebuttal able, but in this case before

25 the court we have a very knowledgeable Defendant, who is of age

to know right from wrong. We have a Defendant who is very

professional and capable of thinking things through before

committing a wrongful act or committing a crime and someone who

will take accountability and responsibility for their actions.


They say, "The truth shall always set you free", "a false

submission will always come back to capture you". No matter how

hard it is for someone to tell the truth. You must tell it if

you ever want to be free. The Defendants are caught up in this

because the Defendants requested or wrongfully administrated a

false submission into a "federal" criminal database causing the

Plaintiff many career opportunities, humiliation, and hardship

to the Plaintiff and the Plaintiff's family. Is this fair? To

set the Defendant free the Defendant should submit to the court

evidence of (1) court orders or administration paperwork

requesting a criminal investigation. (2) Documentation

administrated to the Criminal Investigation Command requesting

an investigation to be conducted and (3) Documentation from the

criminal investigation command to justify its statements stated

in several documents submitted to the Plaintiff claiming the

Plaintiff said "you said". (4) The Plaintiff is requesting

documentation for the courts to show the Plaintiff were in

custody of Criminal Investigation Command. The Plaintiff signed

a waiver of rights to have the Plaintiff's Miranda Warning

rights waived and to be interviewed without counsel or to be
questioned by such investigator without proper probable cause or
a felony crime has been committed or is in question. **(5)** The
Plaintiff is requesting the Defendant to request from it point
of contact with the Criminal Investigation Command to print out
a hard copy of the database to show the time, date and agent ID
number when such Plaintiff's information was entered into a
federal government's criminal database.

If you cannot provide the courts what you should have in
your records and what I am requesting under the Freedom of
Information Act, so I (the Plaintiff) say to the Defendants and
the Department of the Army.... You know I have children of my
own and I must inform you and the courts…that this is type of
fraudulent behavior is learned or taught by someone or retained
through some source somewhere within your organization. I say to
you that I would never teach or inform my children to do what
you have done to me and to do it to others or do any harm
against the Department of Defense or against this country for
your wrongdoing. This type of behavior that has occurred is
somewhere in our system within the Department of the Defense. It
has no justification. I say to the Department of the Army that
the Department of the Army should be accountable for its actions

1  and reply back to the courts with the truth. It is truly obvious
2  that your actions are fraudulent ones and they were not needed.

3

4      I (the Plaintiff) also say to the Defendants' think of me
5  as if I was you, what if someone or an agency would have done
6  this to you, your family or your agency? How would you feel? How
7  would you react? What would you do?  Would you think what I've
8  done here today is not justified?

9

10

11     We all have a heart that beat like a clock. We all share
12 and breathe the same oxygen. We all have blood running through
13 our veins; we all expect to be treated fairly, but equal while
14 we are here on earth. So I ask why do you (the reader) expect
15 that you can treat me so differently? What have I done to you or
16 your agency prior to this complaint? I was truthful at the time
17 of entering the military and I still will remain truthful to
18 this country today in filing this complaint.

19

20     Now you (the Defendants) and your agency must prove to the
21 courts that I (the Plaintiff) provided your agency with false
22 information according to the United State statue 18 U.S.C.A §
23 1001(2)(34).

24

25

1    With the above testimony stated above, I (the Plaintiff)

2   wish to continue to add to this passage and to the Department of

3   the Defense and its federal employees.

4

5    I (the Plaintiff) states, that in additional to the

6   occurrence of events that I expressed to the courts above. I

7   have tried to resolve this matter with the Department of Defense

8   in the most civil way possible prior to this date in filing this

9   full civil suit for recovery.

10

11

12    During the month and year of March 21, 2005, I (the

13   Plaintiff) sent such communication to the post of Fort Gordon,

14   Georgia trying to find the facts behind this identity theft,

15   identity fraud and theft by deception. The Plaintiff sent a

16   written communication to post of Fort Gordon certified mail

17   delivery document number 7001 1140 0002 6561 0510 in this letter

18   the Plaintiff sent the complete package of information from

19   pervious communications that transpired in the years of 1994

20   through 1995.

21

22

23    On May 10, 2005, The Chief, Claim Branch Manager name Allan

24   T. Downen wrote the Plaintiff advising the Plaintiff that he

25   (the Defendant) is in receipt of the Plaintiff's letter dated

March 21, 2005 that the Plaintiff sent to the Commanding General

1  of Fort Gordon requesting to investigate this possibility of

2  identity fraud.  Mr. Downen advised the Plaintiff that he is

3  investigating the matter contained therein and will be

4  responding to back to the Plaintiff as soon as he have gathered

5  the pertinent materials. Mr. Downen anticipates responding back

6  to the Plaintiff should be within 30 days. Mr. Downen did

7  acknowledge the material the Plaintiff submitted and that the

8  Plaintiff once had Attorney Chuck Pardue representing the

9  Plaintiff. (FACTS)

10

11

12      On June 10, 2005, the Plaintiff received a certified mail

13  letter with a tracking number of 7004 1160 0003 5065 3478 from

14  the Colonel John H. Belser of the Staff Judge Advocate's Office.

15  Where in Colonel Belser's letter Colonel Belser states and

16  acknowledge that there was an investigation conducted without

17  the Plaintiff's knowledge or consent by the Army's Criminal

18  Investigation Command (CID), and it claims that "you" stated to

19  "them" that Furniture Doctor had authorized "you" to make the

20  change on the estimate form. Now I question why or what business

21  do I (the Plaintiff) have with this Criminal Investigation

22  Command? For the colonel to make such a statement there should

23  be documentation in front of the Colonel to warrant or call for

24  a federal investigation. The Colonel should have document of a

25  warrant for arrest or some sort to justify this investigation in

front of the Colonel that should be part of the record and which
I (the Plaintiff) should be entitled to according to the Freedom
of Information Act. This or these documents should have the
investigator's interviews with Furniture Doctor's personnel
signed by this Criminal Investigation Command Center. The
colonel stated in his letter that the CID closed the
investigation on **16 June 1994** with a finding that "you" had
submitted a fraudulent claim by altering the appraisal form. The
Department of the Army should have no reason or recoil from
releasing these facts documentation under the Freedom of
Information Act to validate such statements in this government
agency letter as truthful. This is a government record and
according to the law under the Freedom of Information Act any
government agency that has a record should release such record
upon request under the Freedom of Information Act. (FACT)


 I (the Plaintiff) wrote the Defendant back explaining that
is clearly not true or not the true facts in this matter over
$500.00, "petty". In the Colonel's letter, the colonel continued
to expresses after realizing an "error" had been made concerning
issuing an order not to reenter the Reservation, but failed to
admit there is no order to request a federal investigation. The
Colonel rescind such order and later went on to elaborate in his
letter that "I am not aware of **any database** or other location

1   where your name has been listed with a negative connotation

2   preventing you from obtaining a career position." "If you can

3   provide more details concerning the referenced database, I will

4   investigate that situation." This turns out to be a false

5   statement. See Federal Regulation 111 ALR, Fed. 295 and 18

6   U.S.C.A § 1001 (2)(15)(34).

7

8

9       On June 3, 2005, I (the Plaintiff) sent another certified

10  letter to the Commanding and General's office of Fort Gordon,

11  Georgia and the Office of the Staff Judge Advocate's Office

12  addressed to Colonel John H. Belser. In this letter I (the

13  Plaintiff) thanked the colonel for his assistance but his

14  pervious communication to me (the Plaintiff) was not accurate

15  and was not true. I (the Plaintiff) further advised the colonel

16  that law enforcement officers and agencies are claiming that I

17  have a criminal record coming from activities or involvement on

18  the post of Fort Gordon, Georgia. I provided the colonel with

19  all the information concerning two issues I had encountered with

20  the Department of the Army. This particular communication was

21  sent by certified mail delivery with a tracking number of **7004**

22  **2510 0002 5064 7988** signed on October 17, 2005. Another one sent

23  to the Commanding General Office of the U.S. Army Claims

24  Services in Fort George E. Meade, Maryland with a tracking

25  number of **7004 2510 002 5064 7971** signed on October 14, 2005.

On July 13, 2005, in return of my (the Plaintiff) pervious communication to Fort Gordon, Georgia, I (the Plaintiff) received a letter from Mr. Allan T. Downen, Chief, Claim Branch Officer advising me (the Plaintiff) that he is responding to my letter of July 5, 2005, to Colonel John H. Belser who is no longer assigned to this office. In this letter Mr. Downen explains why such claim was denied and he so claim that he provided my attorney with **all** the information and that such decision is final as a matter of law which is fraud on the part of Allan T. Downen.

Mr. Downen went on to state in his letter that "I do want to assure you that **no law enforcement officer or agency** has access to the claims database and you are **not** being denied employment on the basis of action taken with respect to your claim." (FRAUD) See Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding of Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2)(15)(34). (FACT)

After receiving Mr. Downen's letter. On August 13, 2005, I (the Plaintiff) sent another communication to the Post Commander and this time sent a communication to the Department of the Army, Commanding General Office of the U.S. Army Claims Services, Office of the Judge Advocate General located at Fort

George E. Meade, Maryland. In this letter I (the Plaintiff)

informed the Lieutenant Colonel in Charge that I was trying to

clear my name concerning the two issues that I am aware of

concerning claim issues in the year of 1994 - 1995. This

communication was sent my Fed Ex Express Services with a

tracking number of 811932233327. I requested releasing of my

complete records according to the Freedom of Information Act 5

U.S.C. 552 and 5 U.S.C. 552a. Such request was denied.


   In return of this express mail request to Fort George, I

received another communication from the Department of the Army,

Office of the Staff Judge Advocate's Office located in Fort

Gordon concerning the letter the Commanding General had forward

to their office to resolve. In this letter Colonel D. Shawn

Shumake informs me (the Plaintiff) that my name now **does** appear

in a database of the United States Army Criminal Investigation

Command claiming that "you" submitted a fraudulent claim to the

United States Government by altering an appraisal from the

Furniture Doctor, Inc. which is **not true** resulting in a Fraud

submission in this database. (FACT) I will be turning over

documents to the courts that Mr. Downen may have alter documents

or is not disclosing the truth and may have went through too

many steps of trying to be above the law.

1    Upon my release, the courts or a jury will be able to see

2    that fraud does exist and now the Department of the Army and the

3    Department of Defense must justify who gave who the permission

4    or authority to enter the plaintiff's personal information into

5    a government criminal database.

6

7

8    Upon receiving this communication from Fort Gordon dated

9    August 31, 2005, I (the plaintiff) sent another Express letter

10   to Fort George E. Meade, expressing releasing of my complete

11   record under the Freedom of Information Act and to release such

12   records to show where I (the Plaintiff) was arrested, and where

13   I (the Plaintiff) had a full hearing in a court of law

14   concerning this furniture claim issues and where I (the

15   Plaintiff) was found guilty in a court of law for such

16   fraudulent claim or submission. I advised Fort George E. Meade,

17   according to the military's claim submission, everyone has an

18   opportunity to submit a rebuttal against an estimate report if

19   an estimate is to be in question. In this particular issues or

20   claim the Plaintiff's mother or the Plaintiff did not have any

21   recourse to explain or resubmit such claim with another

22   appraisal. Now as the Plaintiff informed the courts the

23   Plaintiff's retained attorney submitted all the documentation of

24   proof and necessary documents to support the Plaintiff's claim.

25   Now for some reason(s), the Department of Army failed to honor

Sam L. Clemmons v. Dept of Army Office of the General Counsel, Washington, DC
20310-0104

such legal submission and should be held completely liable for

providing such criminal investigation command the Plaintiff's

personal information to be submitted in criminal database.


On November 5th, 2005, the Plaintiff received a certified

letter from the Department of Army, U.S. Claims Service, Office

of the Judge Advocate General's Office with a letter date of

October 18, 2005 from Lieutenant Colonel Joseph J. Impallaria,

Jr. Colonel Impallaria states in his letter that "We are in

receipt of your letter dated October 9, 2005, requesting a copy

of any CID investigation in your files…used to render a decision

against me" Colonel Impallaria went on to inform the Plaintiff

that there is **no such record** responsive to the Plaintiff's

request and to inform the Plaintiff that the Defendant's letter

constitutes a denial for material requested under the Freedom of

Information Act and that such denial was made on behalf of Major

General Scott C. Black, The Judge Advocate General of the Army.

The Plaintiff was advised in his letter that the Plaintiff can

appeal this determination by writing the Commander, U.S. Army

Claims Service, 4411 Llewellyn Avenue, Fort George G. Meade, MD

20755-5360 within 60 calendar days of my receipt of this letter.


On December 12, 2005, I (the Plaintiff) appealed such

request and sent such appeal by Fed Express Service with a

tracking number of 851980919660. This appeal was signed for by

B. Rowley on December 13, 2005 at 11:26 a.m. In this appeal, I

(the Plaintiff) am requesting the complete record to show fraud.

This appeal request for information should show who order such

investigation by the Criminal Investigation Command to question

the Plaintiff's claims submitted and who conducted such

investigation and to release the detail copy of the

investigation report which should show the date and time such

investigation was conducted and all named individuals the

investigator(s)talk to. To justify the slanderous comments

stated in several letters addressed to the Plaintiff.


On January 04, 2006, I (the Plaintiff) received a

communication from The Department of the Army, Office of the

General Counsel, Washington, DC addressing receipt of the

Freedom of Information Act/Privacy Act (FOIA/PA) appeal dated

December 12, 2005, from the U.S. Army Claim Service. It

addresses that the Plaintiff's appeal will be reviewed on a

first-in, first-out basis. I (the Defendant) assure you that we

will review your appeal in turn and respond to you as

expeditiously as possible.


This communication was sent on January 04, 2006. The first

request was on March 21, 2005. On February 13, 2006 the

1  Plaintiff received a final denial letter to the Plaintiff's

2  appeal for releasing of information under the Freedom of

3  Information Act U.S.C. § 552(a)(4)(B). Today this complaint is

4  written before the courts on March 20, 2006, which is well over

5  the **20 days** to respond to the dates according to the law under

6  the Freedom of Information Act. Therefore, it shows very strange

7  behavior signs and warning that something is not right or

8  correct for the record and according to the proper time response

9  according to the law.

10

11

12     Therefore, I (the Plaintiff) file this complaint against

13  the Department of the Army for an intentionally act of identity

14  theft, identity fraud and theft by deception. The Department of

15  the Army is sole responsible for contacting such Criminal

16  Investigation Command and providing the Plaintiff's personal

17  information to another federal agency without **any** proper

18  documentation or written orders to support their actions.

19

20     The Plaintiff states as of this date such slanderous

21  comments has not been verified and proven by this Defendant,

22  this agency, and no other agency which makes this agency to be

23  liable for slander and misuse or abuse of the Plaintiff's

24  information. See case laws or similar case laws of: _Anigio-_

25  _Medical Corp v. Eli Lilly & Co._, 720.F.Supp.269; _Roger Corp. v._

1  *Arlon, Inc.*, 855 F. Supp.560; *Leavitt v. Cole*, 17 Fla L. Weekly

2  Fed. D71.

3

4      The plaintiff states before the courts and in this

5  complaint that the law states: Each agency, upon **any** request for

6  records made under paragraph (1), (2), or (3) of the Freedom of

7  Information Act, shall determine within **20 days** (excepting

8  Saturday, Sunday, and legal public holidays) after the receipt

9  of any such request whether to comply with such request and

10  shall immediately notify the person or plaintiff making such

11  request of such determination and the reasons therefore, and of

12  the right of such person to appeal to the head of the agency any

13  adverse determination. It is known that if such agency wishes

14  not to release such information the person or plaintiff must

15  file a complaint in the District Court of the United States in

16  the district in which the complainant resides, or has his

17  principle place of business, or in which the agency records are

18  situated, or in the District of Columbia, has jurisdiction to

19  enjoin the agency from withholding agency records and to order

20  the production of any agency records improperly withheld from

21  the complainant. In such case as this one the court shall

22  determine the matter de novo, and may examine the contents of

23  such agency records in camera to determine whether such records

24  or any part thereof shall be withheld under any of the

1  exemptions set forth in subsection (b) of the Freedom of

2  Information Act, and the burden is on the agency to sustain its

3  action.

4

5      The Plaintiff state and continue to admit in this court

6  that there is a very strange sign of fraud and withholding the

7  truth from the Plaintiff; therefore, the Plaintiff is fully

8  requesting such record sought for complete review, correction

9  and removal of defamatory records in this court of law.

10

11

12     The plaintiff is requesting to the court to order such

13 agency to release **all** the record to this court including records

14 to show that such claim submitted to the Department of the Army

15 show signs of any fraudulent activity to warrant a criminal

16 investigation to be conducted. **(2)** Provide the courts with all

17 power of attorney submitted to the Defendant when filing such

18 claim. **(3)** Provide the court with Criminal Investigation

19 Command's Investigation Reports and the date such reports were

20 started and completed and who completed such reports as well as

21 all other requested documents as stated on pages 14-15 of this

22 complaint.

23

24

25     If such information cannot be provided to the courts

according to the Freedom of Information act then such courts

1  should label such investigation as fraudulent and hold such

2  Department of the Army and the department's employees to be

3  fully liable for the punitive damages. The courts will see that

4  both have caused the Plaintiff and the Plaintiff's family a

5  great deal of hardship. The Plaintiff is requesting to the

6  courts to compel and remove the entire Plaintiff's personal

7  information from such agency databases.

8

9

10  The Plaintiff informs the courts that upon the Plaintiff

11  releasing the information to the Department of the Army. The

12  Plaintiff surrender **all** information in good faith and

13  professionally provided **all** the information requested in a

14  timely manner and provided **all** support documents to the

15  Plaintiff's retained attorney acting on behalf of the Plaintiff.

16  Once again, all these documents will be provided to the court

17  upon a motion to enter discovery.

18

19  The Plaintiff's Freedom of Information request was

20  submitted in a timely manner and such requests were

21  intentionally denied and withheld due to many unknown reasons.

22  Which is a violation of the law and is causing this civil

23  lawsuit in the District Court of Columbia in the amount of

24  **15,000,000.00** (fifteen million dollars) against such agency for

25  violation of the law under the Freedom of Information Act under

Sam L. Clemmons v. Dept of Army Office of the General Counsel, Washington, DC
20310-0104

1 § 5 U.S.C.A. § 552. There is a strong possibility that this

2 federal agency have provided false information that could be

3 link to ongoing spread of false information to other federal

4 investigation and agencies; therefore, holding the Defendant to

5 be in violation of prohibit personnel practice under the United

6 States Code 5 U.S.C. § 2302(b) (8), acts of slander violation

7 under case law or other related cases of *Anigio-Medical Corp v.*

8 *Eli Lily & Co.*, 720 F.Supp.269; *Roger Corp. v. Arlon, Inc.*, 855

9 F. Supp. 560; *Leavitt v. Cole, 17 Fla L. Weekly Fed. D71.;*

10 U.C.A. 1953, 76-6-405, 76-6-1102 and *State v. Ross,* 951 P.2d

11 236, 241 (Utah Ct. App. 1997)

12

13

14    The Plaintiff states, if such is confirmed through this

15 court that such wrongful activity does exist in the agency

16 records after the court review such record under the matter of

17 *de novo.* Let the facts be known and confirmed that the Defendant

18 (The Department of The Army's employee by the name of Allan T.

19 Downen) intentionally, wrongfully, willfully, deliberately,

20 maliciously, gave the Plaintiff's personal information to

21 Criminal Investigation Command without proper documentation to

22 request such investigation which ruined the Plaintiff's career

23 over minor claim of $500.00 or a larger dollar amount was in

24 dispute in the amount of $20,000.00. It is not yet confirmed if

25 Mr. Allan T. Downen is behind the false claim of the Plaintiff

1 trying to defraud the government of $20,000.00. After a court,

2 judge or jury have examined all the facts requested and need to

3 draw a conclusion to this complaint a court should award a

4 summary judgment in whole in favor of the Plaintiff.

6 After the court's De Novo, the Defendant should be held

7 accountable for crimes of identity theft, identify fraud, theft

8 by deception and deformation of character. (See statue: U.C.A.

9 1953, 76-6-405, 76-6-1102 and **State v. Ross,** **951 P.2d 236, 241**

10 **(Utah Ct. App. 1997)**

13 The plaintiff express to the courts as the court can see if

14 the Plaintiff would have given the Defendant false information,

15 as the Defendant so allegedly claim such actions will be a crime

16 and punishable in any court of law. See case law or other

17 related cases of: U.S. v. Baer, 274 F. Supp.2d 778 (E.D. Va.

18 2003)

20 The burden of proof is for the court to administrative the

21 law and for the Defendant to proven that such information does

22 exist in the Plaintiff's records, per Plaintiff's requests and

23 provided by the Department of the Army, professional

24 investigators and administrative staff.

1   If this civil action cannot be settled out of court, the
2   Plaintiff is asking for a civil trial before his peers (jury
3   trial) revealing all the issues along with the **FACTS** requested
4   and set forth in this case. The Plaintiff is requesting for a
5   jury to rule base on the issues and facts provided in this
6   compliant as of this date the compliant is filed and logged into
7   United States District Court's system. The Plaintiff is aware
8   that both sides must agree to a jury trial for one to be
9   granted. The Plaintiff is consenting to a jury trail.
10
11
12   The Plaintiff wishes to maintain and reserve rights to sell
13   story to the public if necessary.
14
15   As the court can see by the detail of event and activity as
16   stated in this complaint that all attempts to resolve this
17   matter or complaint have been exhausted. The burden of the proof
18   lies on the Defendant to prove *all* actions that developed into
19   *issues* and *allegations* are truthful on the record.
20
21   In the final outcome, it should show that Chief Claim
22   Director name Allan T. Downen intentionally, wrongfully and
23   deliberately contacted the Criminal Investigation Command with
24   malice intent to cause harm to the Plaintiff. It will show that
25   such person (Mr. Downen) provided forced upon whomever was in

1 the investigator's position to take the Plaintiff's personal and

2 private information and enter it into a national criminal

3 database. Therefore, labeling the Plaintiff as a criminal and

4 someone who cannot be trusted in their (the Defendant's) false

5 claims that the Plaintiff intentionally and maliciously tried to

6 defraud the United State Government out of $500.00 or

7 $20,000.00. When the Plaintiff departed the military with more

8 and paid an attorney with the same or more to resolve any issues

9 there may be. What element of a crime is there that show on

10 behalf of the Plaintiff tried to trick or get over on the

11 government? Therefore, are the Defendant(s) actions making much

12 or any sense here against the Plaintiff? That's for a court or a

13 jury to answer.

14 

15 

16 The Defendant's employees have not been reported to the

17 Office of Special Counsel for internal disciplinary actions for

18 their actions as of June 10th, 1994, the U.S. Attorney will have

19 to report such staff members and deal with them accordingly.

20 

21 In closing, the Plaintiff wish to inform the Defendant that

22 the Plaintiff is fully aware of when considering a motion for

23 summary judgment, it is known that the court must examine **all**

24 evidence in the light most favorable to the Plaintiff (nonmoving

25 party). I (the Plaintiff) would advise the Defendant to consider

case laws _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476

(10th Cir.1933). When a moving party (the Defendant) bears the

burden of proof at trial is entitled to summary judgment only

when the evidence indicates that no genuine issue of material

fact exists. Fed.R.Civ.P.56(c); See case law: _Anthony v. United_

_States_, 987 F.2d 670,672 (10th Cir.1993). If the moving party

(the Defendant) does not bear the burden of proof at trial, it

must show "that there is an absence of evidence to support the

nonmoving party's (the Plaintiff) case". In this case the

nonmoving party (the Plaintiff) has expressed evidence by giving

names, dates and key information that no one knows but the

Defendant knows to support the Plaintiff's claim; The Plaintiff

also have additional material evidence to justify the Plaintiff

actions in filing this lawsuit. Therefore, case law to consider:

_Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548,

2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter.

The Federal Insurance Company under the Defendant's Crime

Insurance Policy must be provided by the Defendant (hereinafter

the "Federal Policy", and therefore the Defendant has sustained

no loss in this action, nor did the Plaintiff cause any hurt or

harm to the Defendant, the Defendant caused this action or

judgment upon itself (The Dept of the Army) _see_ Fed. Rules

Civ.Proc. Rule 17, 28 USCA and Defendant should have a complete

understanding of Federal Regulation 111 ALR, Fed. 295, 18

1    U.S.C.A § 1001 (2)(15)(34) and The Freedom of Information Act 5

2    U.S.C. 552 and 5 U.S.C. 552a.

3

4        *They say in the end … Good will always triumph over Bad….*

5

6    End of Complaint:

7                                    Sam L. Clemmons, Plaintiff Pro Se
8                                    548 Saint Charles Place
                                     Brookhaven, MS 39601
9

10

11        CC: www.usps.com for tracking purposes
12    United States Attorney General
          **Express Mail #: ED 973870651 US**
13    U.S. Attorney
          **Express Mail #: ED 973870648 US**
14    Department of the Army, Attn: General Counsel
          **Express Mail #: ED 973870665 US**
15    Department of the Army, Attn: Allan T. Downen
          **Express Mail #: ED 973870679 US**
16    Law Office of Leeds, Morelli & Brown;
          **Express Mail #: EQ 242463319 US**
17    The Rainbow Push Collation
          **Express Mail #: EQ 242463296 US**
18    The NAACP Chapter for the District of Columbia
          **Express Mail #: EQ 242463305 US**
19    Mary L. Lee, Paralegal;
          **Certified Mail #: 7005 0390 0002 2211 2578**
20    George Tillman, Paralegal
          **Express Mail #: EQ 241268295 US**
21    United State District Court for the District of Columbia;
          **Express Mail #: EQ 242464022 US**
22    Records

23

24

25

**American Law Reports ALR Federal**
**The ALR databases are made current by the weekly addition of relevant new**
**cases.**

Giving false information to federal department or agency as violation of 18 U.S.C.A. § 1001, making it criminal offense to make false statements in any matter under jurisdiction of department or agency of United States

Beth Bates Holliday, J.D.

The broad range of conduct potentially proscribed by 18 U.S.C.A. § 1001, coupled with Congress' limited guidance as to specific behavior within the statute's scope, has provided ample opportunity for arguments that a particular defendant's act or failure to act was not prohibited by § 1001 or, as in United States v Salas-Camacho (1988, CA9 Cal) 859 F2d 788, 111 ALR Fed 779, that the proscribed conduct should be considered a single act of falsification supporting only a single conviction, rather than separate falsifications supporting multiple § 1001 convictions. Cases determining whether the acts or nonfeasance charged violated § 1001 have been collected and analyzed in this annotation.

TABLE OF CONTENTS

    Article Outline
    Index
    Statutory Text
    Table of Cases, Laws, and Rules
    Research References

ARTICLE OUTLINE

§   1[a] Introduction--Scope

§   1[b] Introduction--Related annotations

§   2. Background and summary

§   3[a] Statements relating to criminal matters other than criminal tax evasion--commission of offense--
    Held to violate 18 U.S.C.A. § 1001

§   3[b] Statements relating to criminal matters other than criminal tax evasion--commission of offense--
    Held not to violate 18 U.S.C.A. § 1001

§   4[a] Identity of person involved in criminal proceeding--Held to violate 18 U.S.C.A. § 1001

§   4[b] Identity of person involved in criminal proceeding--Held not to violate 18 U.S.C.A. § 1001

§   5[a] Resolution of pretrial procedural issue--Held to violate 18 U.S.C.A. § 1001

§   5[b] Resolution of pretrial procedural issue--Held not to violate 18 U.S.C.A. § 1001

§   6[a] Prior criminal record--Held to violate 18 U.S.C.A. § 1001

§   6[b] Prior criminal record--Held not to violate 18 U.S.C.A. § 1001

§   7[a] Bail--Held to violate 18 U.S.C.A. § 1001

§ 7[b] Bail--Held not to violate 18 U.S.C.A. § 1001

§ 8. Sentencing

§ 9[a] Statements relating to civil proceedings--Held to violate 18 U.S.C.A. § 1001

§ 9[b] Statements relating to civil proceedings--Held not to violate 18 U.S.C.A. § 1001

§ 10[a] Statements relating to federal income tax--Held to violate 18 U.S.C.A. § 1001

§ 10[b] Statements relating to federal income tax--Held not to violate 18 U.S.C.A. § 1001

§ 11[a] Statements relating to government contracts--Held to violate 18 U.S.C.A. § 1001

§ 11[b] Statements relating to government contracts--Held not to violate 18 U.S.C.A. § 1001

§ 12. Statements relating to individual's employment with or licensing by Federal Government or employment with employer receiving federal funds-- qualifications

§ 13[a] Prior criminal record or criminal activity--Held to violate 18 U.S.C.A. § 1001

§ 13[b] Prior criminal record or criminal activity--Held not to violate 18 U.S.C.A. § 1001

§ 14. Conflict between employee's and government's interests

§ 15. Employee's misuse of position

§ 16. Compensation or benefits

§ 17[a] Statements relating to federal grant or loan, generally--Held to violate 18 U.S.C.A. § 1001

§ 17[b] Statements relating to federal grant or loan, generally--Held not to violate 18 U.S.C.A. § 1001

§ 18[a] Statements relating to payment under federal entitlement or subsidy program--Held to violate 18 U.S.C.A. § 1001

§ 18[b] Statements relating to payment under federal entitlement or subsidy program--Held not to violate 18 U.S.C.A. § 1001

§ 19[a] Statements relating to federally insured loans--Held to violate 18 U.S.C.A. § 1001

§ 19[b] Statements relating to federally insured loans--Held not to violate 18 U.S.C.A. § 1001

§ 20[a] Statements relating to activities of financial institutions--filing currency transaction reports (CTRs)--Held to violate 18 U.S.C.A. § 1001

§ 20[b] Statements relating to activities of financial institutions--filing currency transaction reports (CTRs)--Held not to violate 18 U.S.C.A. § 1001

§ 21. Other activities

§ 22[a] Statements relating to stock or brokerage agreements--Held to violate 18 U.S.C.A. § 1001

§ 22[b] Statements relating to stock or brokerage agreements--Held not to violate 18 U.S.C.A. § 1001

§ 23. Statements relating to patents

§  23.5. Statements relating to copyright

§  24[a] Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held to violate 18 U.S.C.A. § 1001

§  24[b] Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held not to violate 18 U.S.C.A. § 1001

§ 25[a] Statements relating to military matters or national defense--Held to violate 18 U.S.C.A. § 1001

§  25[b] Statements relating to military matters or national defense--Held not to violate 18 U.S.C.A. § 1001

§  26. Statements relating to purchase of surplus government property

§  27. Statements relating to quality, usage, or possession of federally regulated consumer goods

§  28. Statements relating to interstate shipment of goods

§  29[a] Statements relating to goods being brought into, or going out of, country--Held to violate 18 U.S.C.A. § 1001

§  29[b] Statements relating to goods being brought into, or going out of, country--Held not to violate 18 U.S.C.A. § 1001

§  30[a] Statements relating to amount of money individual has when crossing United States border--Held to violate 18 U.S.C.A. § 1001

§  30[b] Statements relating to amount of money individual has when crossing United States border--Held not to violate 18 U.S.C.A. § 1001

§  31[a] Statements relating to immigration and naturalization matters--Held to violate 18 U.S.C.A. § 1001

§  31[b] Statements relating to immigration and naturalization matters--Held not to violate 18 U.S.C.A. § 1001

§  32[a] Statements relating to assets held outside United States--Held to violate 18 U.S.C.A. § 1001

§  32[b] Statements relating to assets held outside United States--Held not to violate 18 U.S.C.A. § 1001

§  33. Statements relating to compliance with environmental protection regulations

§  34. Other statements

§  35. Constitutionality



**DEPARTMENT OF THE ARMY**
OFFICE OF THE STAFF JUDGE ADVOCATE
419 B STREET
FORT GORDON, GEORGIA 30905-5280

REPLY TO
ATTENTION OF:

May 10, 2005

Claims Branch

Mr. S. L. Clemmons
P.O. Box 1001
Brookhaven, MS 39602

Dear Mr. Clemmons:

Your letter of March 21, 2005 to the Commanding General of Fort Gordon has been provided to me for response. I am investigating the matters contained therein and will respond to you as soon as I have gathered the pertinent materials. I anticipate responding to you in about 30 days.

Please advise me as to whether you are represented by an attorney as I see from the information you provided that Mr. Chuck Pardue previously represented you on some of these matters.

Sincerely,

Allan T. Downen
Chief, Claims Branch



**DEPARTMENT OF THE ARMY**
OFFICE OF THE GENERAL COUNSEL
104 ARMY PENTAGON
WASHINGTON, DC 20310-0104

February 7, 2006

REPLY TO
ATTENTION OF



Mr. Samuel L. Clemmons
P.O. Box 1001
Brookhaven, MS 39602

Dear Mr. Clemmons:

This letter responds to your Freedom of Information Act (FOIA) appeal, dated December 12, 2005. You appealed a decision by the U.S. Army Claim Service (USARCS) in which you requested "a copy of any CID investigation report" that the claims office has in its files which was used to render a decision against you.

We apologize for the delay in responding to this appeal. The Army is required to address a large volume of FOIA demands. Therefore, we cannot always respond to appeals as quickly as we would like. We make it our practice to respond to appeals in the order received. The courts have sanctioned this method of handling FOIA cases. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976).

By letter, dated October 18, 2005, you were advised by USARCS, that they were not the proper Initial Denial Authority (IDA) to respond to your request for a CID investigation report. In your original request, dated October 9, 2005, you indicated that you submitted a request to the Crime Records Center (CRC) for the same investigation. The CRC is the appropriate agency to act on requests for CID investigations and will respond to your request. Accordingly, your appeal is denied. If you have any further questions regarding this referral, please contact:

Ms. Suzanne Council
U.S. Army Crime Records Center
ATTN: CICR-FP
6010 6th Street, Bldg #1465
Fort Belvoir, VA 22060-5585.

You may appeal any response you receive from the CRC, regarding the ROI, to our office.

With respect to the referral of your request to the CRC by the USARCS, this letter constitutes final action, on behalf of the General Counsel, who has been designated by the Secretary of the Army to consider appeals under the FOIA. You may, if you so desire, seek judicial review of this determination through the Federal court system in accordance with the FOIA, 5 U.S.C. § 552(a)(4)(B).

Printed on ✪ Recycled Paper

This letter does not address any decision to grant or deny any claims that you may have submitted. Any issues that you may have with respect to the denial of a claim should be addressed to the entity that made that decision or through the appropriate administrative channels.

Sincerely,

Ronald J. Buchholz
Associate Deputy General Counsel