**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MR. SAM L. CLEMMONS ) <br> 548 SAINT CHARLES PL ) <br> BROOKHAVEN, MS 39601 ) <br> ) <br> vs. ) <br> ) <br> Department of the Army ) <br> Office of the General Counsel ) <br> Washington, DC 20310-0104 ) | CASE NUMBER: 1:06CV00510 <br><br> JUDGE: ROYCE C. LAMBERTH <br> DECK TYPE: FOIA / PRIVACY ACT <br> DATE STAMP: 03/16/2006 <br><br> **July 5, 2006** |

## PLAINTIFF'S MOTION REQUEST TO ENTER DEFAULT

Comes Samuel L. Clemmons, Jr. file this Motion Request to enter default status in United States District Court for the District of Columbia against the Department of the Army. The Defendant was properly served via United States Postal Service Express mail with a tracking number of **ED 973870679 US** which was mailed out to the Defendant on May 1, 2006, the Defendant received such notice of summons on May 2nd, 2006. The Defendant has had 60 days according to the court's instructions to response. The Defendant has failed to response in a timely manner. Resulting in the Plaintiff placing this Motion to enter Default against the Defendant.

The Plaintiff will wait for the U.S. Attorney and The Attorney General Response if necessary before submitting the

**RECEIVED**

JUL **6** - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1 Plaintiff's Motion Request to Enter Discovery followed by the

2 Plaintiff's Motion Request for Summary Judgement.

3 I trust that the court will enter such default and wait for

4 the two other responses if needed.

5 The Plaintiff has enclosed an updated copy of the initial

6 complaint that was mailed to all three Defendants involved in

7 the complaint for the court update.

8

9 In closing, the Plaintiff wish to inform the Defendant that

10 the Plaintiff is fully aware of when considering a motion for

11 summary judgment, it is known that the court must examine **all**

12 evidence in the light most favorable to the Plaintiff (nonmoving

13 party). I (the Plaintiff) would advise the Defendant to consider

14 case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476

15 (10th Cir.1933). When a moving party (the Defendant) bears the

16 burden of proof at trial is entitled to summary judgment only

17 when the evidence indicates that no genuine issue of material

18 fact exists. Fed.R.Civ.P.56(c); See case law: *Anthony v. United*

19 *States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party

20 (the Defendant) does not bear the burden of proof at trial, it

21 must show "that there is an absence of evidence to support the

22 nonmoving party's (the Plaintiff) case". In this case the

23 nonmoving party (the Plaintiff) has expressed evidence by giving

24 names, dates and key information that no one knows but the

25 Defendant knows to support the Plaintiff's claim; The Plaintiff

also have additional material evidence to justify the Plaintiff actions in filing this lawsuit. Therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the Defendant's Crime Insurance Policy must be provided by the Defendant (hereinafter the "Federal Policy", and therefore the Defendant has sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant caused this action or judgment upon itself (The Dept of the Army) *see* Fed. Rules Civ.Proc. Rule 17, 28 USCA and Defendant should have a complete understanding of Federal Regulation 111 ALR, Fed. 295, 18 U.S.C.A § 1001 (2)(15)(34) and The Freedom of Information Act 5 U.S.C. 552 and 5 U.S.C. 552a.

End of Complaint:

Respectfully submitted,

Sam L. Clemmons, Plaintiff Pro Se
548 Saint Charles Place
Brookhaven, MS 39601

CO-538
Rev. 3/87

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**SAM L. CLEMMONS**    )
)
**Vs.**    )    Civil Action No. _1: 06 CV 00510 (RCL)_
)
**DEPT. OF THE ARMY**    )
)

## AFFIDAVIT IN SUPPORT OF DEFAULT

I hereby certify under penalty of perjury, this _5TH_ day of _JULY_, _2006_, that I am the attorney of record for the plaintiff in the above-entitled case; that the defendant(s) _DEPARTMENT OF THE ARMY; ATTN: ALLAN T. DOWNEN_

was [were]:    [personally served with process on _MAY 2, 2006_ ].

OR

[served via registered or certified mail pursuant to provisions of Rule 4(C)(ii) of the Superior Court of the District of Columbia on (date the return receipt was signed by addressee):

_____ ].

OR

[served via First Class Mail pursuant to provisions of Rule 4(C)(ii) of the Federal Rules of Civil Procedure on (date the Acknowledgment Form was signed by addressee):

_____ ].

[The authority for obtaining personal jurisdiction over the defendant served outside the District of Columbia is:

_____ ].

I further certify under penalty of perjury that no appearance has been entered by said defendant(s) in this case; no pleading has been filed and none served upon the attorney for the plaintiff(s); [no extension has been given and the time for filing has expired] [although an extension has been given, the time for filing has expired]; that the defendant is neither an infant nor an incompetent person.

The Clerk is requested to enter a Default against said defendant(s).

_____
Attorney for Plaintiff(s) [signature]
_540 SAINT CHARLES PL_
_BROOK HAVEN, MS 35601_
_PH# 866-401-7758_

_____        _____
Bar Id. Number                          Address and Telephone Number

CO-40
Rev. 10/76

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Plaintiff )

**SAM L. CLEMMONS** )

)       Civil Action No. _____

**Vs.** )

)

**DEPT. OF THE ARMY** )

)

Defendant

## <u>DEFAULT</u>

It appearing that the above-named defendant (s) has (have) failed to plead or otherwise defend this action

though duly served with summons and copy of complaint on the _____ day of

_____, _____, and an affidavit on behalf of the plaintiff (s) having been filed, it is this

_____ day of _____, _____ declared that

_____

_____

_____

_____

defendant (s) herein is (are) in default.

Nancy M. Mayer-Whittington, Clerk

By _____

Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
1-866-409-7758

CIVIL ACTION NO: _1:06CV00510 (RCL)_

V

Department of the Army
Office of the General Counsel
Washington, DC 20310-0104

## AFFIDAVIT OF SERVICE

I, _SAM L. Clemmons_, hereby declare
that on the _1ST_ of _MAY_ 20_06_, I mailed
a copy of the summons and complaint, certified mail return receipt
requested, to _DOA, ATTN. ALLAN T. DOWNEN_ (the defendant & defendant's
attorney). Attached hereto is the green card acknowledging service.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Boad_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery _4 May 06_ |
| 1. Article Addressed to:<br>_DEPARTMENT OF THE ARMY_<br>_ATTN. CHIEF ALLAN T. DOWNEN_<br>_419 B STREET_<br>_FORT GORDON, GA 30905-5280_ | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☐ Certified Mail  ☒ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)  ☒ Yes |
| 2. Article Number<br>(Transfer from service label)  _ED973870679US 15_ | |
| PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540 | |

_PH #: 866-409-7758_

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

SAM CLEMMONS

**V.**

DEPARTMENT OF THE ARMY

**SUMMONS IN A CIVIL CASE**

CASE NUMBER  1:06CV00510

JUDGE: Royce C. Lamberth

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 03/16/2006

TO: (Name and address of Defendant)

**DEPARTMENT OF THE ARMY**
**OFFICE OF THE STAFF JUDGE ADVOCATE**
**Attn: Chief, Claims Branch Manager Allan T. Downen**
**419 B Street**
**Fort Gordon, Georgia 30905-5280**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

SAM CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

CLERK

MAR 1 6 2006

DATE

By DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | *JULY 5TH, 2006* |
| NAME OF SERVER *(PRINT)*  SAM L. CLEMMENS | TITLE  *PLAINTIFF, PRO SE* |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: *DEPARTMENT OF THE ARMY, OFFICE OF THE STAFF JUDGE ADVOCATE, ATTN: CHIEF, CLAIMS BRANCH MAJ. ALAN I. DENTEN 419 B STREET, FORT GORDON, GA 30905-5280*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL  *U.S. POSTAL SERVICE* | SERVICES  *U.S. POSTAL EXPRESS SERVICE* | TOTAL  *$ 16.25* |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   *MAY 2ND 2006*        *Sam L. Clemmens*
                    Date                        Signature of Server

*548 SAINT CHARLES PL*
*BROOKHAVEN, MS 39601*
                    Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**FOR PICKUP OR TRACKING**
Visit **WWW.USPS.COM**
Call **1-800-222-1811**

ORIGIN (POSTAL SERVICE USE ONLY)

ED 973870679 US

**FROM:** (PLEASE PRINT)    PHONE ( )

MRS. M. L. LEE, PARALEGAL
C/O STAN CREMMINS
P.O. BOX 28556
ATLANTA, GA 30358

Postage $14.40
Return Receipt Fee $1.85
COD Fee
Total Postage & Fees $16.25
Insurance Fee

**TO:** (PLEASE PRINT)    PHONE ( )

DEPARTMENT OF THE NAVY
ATTN: CHRISS CLAIM BRANCH, MLC
1 ALLNT. DONNEA,
419 B STREET
FORT GORDON, GA 30905-5280

3 0 9 0 5 + 5 2 8 0

EXPRESS MAIL
UNITED STATES POSTAL SERVICE®
Post Office To Addressee
Customer Copy
Label 11-B, March 2004

---

SANDY SPRINGS FINANCE UNIT
ATLANTA, Georgia
30328999
204440024-0095
05/01/2006        (800)275-8777        01:32:07 PM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| AUGUSTA GA 30905 EM | | | $14.40 |
| PO-Add Flat Rate | | | |
| 8.90 oz. | | | |
|   #:  ED973870679US | | | |
|   Day 3PM / Normal | | | |
|   ery | | | |
|   urn Rcpt (Green Card) | | | $1.85 |
| Issue PVI: | | | $16.25 |

Total:                      $16.25

Paid by:
AMEX                        $16.25
    Account #        XXXXX  XXXX2002
    Approval #:             542279
    Transaction #:          839
    23 902850395 410470777

Bill#: 1000201453304
Clerk: 03

— All sales final on stamps and postage. —
Refunds for guaranteed services only.
Thank you for your business.
Customer Copy



## Track/Confirm - Intranet Item Inquiry - Domestic

| | | | |
|---|---|---|---|
| **Item: ED97 3870 679U S** | | **Date/Time Mailed: 05/01/2006 13:29** | |
| **Destination** | **ZIP Code:** 30905 | **City:** AUGUSTA | **State:** GA |
| **Origin** | **ZIP Code:** 30328-9997 | **City:** ATLANTA | **State:** GA |

**Class:** Express Mail - PO to addressee

**Scheduled Delivery Date:** 05/02/2006 15:00

**Weight:** 0 lb(s) 9 oz(s)          **Postage:** $14.40

**Firm Book ID:** 5199 9990 0007 0313 9255

**Delv Rqmt:** Normal          **PO Box?:** N

| **Special Services** | **Associated Labels** | **Amount** |
|---|---|---|
| RETURN RECEIPT | | $1.85 |

| Event | Date/Time | Location | Scanner ID |
|---|---|---|---|
| FORWARDED TO | 05/02/2006 16:16 | AUGUSTA, GA 30905 | |
| FORWARDED | 05/02/2006 16:16 | AUGUSTA, GA 30905 | 00A71G12F |
| | Request Delivery Record | | |
| DELIVERED | 05/02/2006 14:43 | AUGUSTA, GA 30905 | K958452 |
| | Firm Name: DDEAMC | | |
| | Recipient: 'W GRICE' | | |
| | Request Delivery Record | | |
| | View Delivery Signature and Address | | |
| ARRIVAL AT UNIT | 05/02/2006 10:08 | AUGUSTA, GA 30909 | 00A71G12F |
| ENROUTE | 05/02/2006 04:56 | AUGUSTA, GA 30901 | L360569 |
| ACCEPT OR PICKUP | 05/01/2006 13:29 | ATLANTA, GA 30328 | |

Enter Request Type and Item Number:

Quick Search ⦿    Extensive Search ◯

Explanation of Quick and Extensive Searches

Submit

*Version 1.0*



**UNITED STATES POSTAL SERVICE**

---

**Track/Confirm – Intranet Item Inquiry**
**Item Number: ED97 3870 679U S**

---

### This item was delivered on 05/02/2006 at 14:43

| | Delivery Section |
|---|---|
| **Signature:** | *Wanda Gerce* |
| **Address:** | DPG∦MC |

---

**Enter Request Type and Item Number:**

**Quick Search** ◉        **Extensive Search** ○

Explanation of Quick and Extensive Searches

[ Submit ]

*Version 1.0*

Inquire on multiple items.

Go to the Product Tracking System Home Page.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MR. SAM L. CLEMMONS<br>548 SAINT CHARLES PL<br>BROOKHAVEN, MS 39601<br><br>vs.<br><br>Department of the Army<br>Office of the General Counsel<br>Washington, DC 20310-0104 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NUMBER: 1:06CV00510<br><br>JUDGE: ROYCE C. LAMBERTH<br>DECK TYPE: FOIA / PRIVACY ACT<br>DATE STAMP: 03/16/2006<br><br>**March 16, 2006** |

## FREEDOM OF INFORMATION ACT VIOLATION & OTHERS

Comes Samuel L. Clemmons, Jr. file this civil complaint in

District Court for the District of Columbia against the

Department of Defense and one federal employee by the name of

Allan T. Downen. Mr. Allan T. Downen is the Chief Claim Branch

officer who is believe to have well over 15 years of experience

in administrating and processing claims within the Department of

Defense. It has been confirmed that Mr. Downen has committed

identity theft, identity fraud and theft by deception by

providing the Army Criminal Investigation Command Center the

Plaintiff's personal information under two incidents of wrongful

alleged claims to defraud the government or false attempts to

settle claims. It is believed that the Defendant reported that

the Plaintiff tried to defraud the government of $20,000.00 on

one incident. The Plaintiff tried to defraud the government of

$500.00 on another incident; therefore, defrauding the government of a total of $20,500.00 against the United States Government or attempting to defraud the government during the period of times these claims were submitted. These false claims or allegations alone have caused tremendous amount of hardships upon the Plaintiff and the Plaintiff's potential careers opportunities. It is believed that the Defendant is responsible for providing the Army Criminal Investigation Command Center the Plaintiff's personal information such as name, address, social security number and date of birth without the Plaintiff acknowledgment or consent. The Defendants have failed to produce either a court order, military documents from the Post Commander requesting an investigation. Nor any warrants to request an investigation or prove such admission is needed under the Freedom of Information Act which now makes the Defendant to be in violation of many laws.  See Case law and related cases of State of Utah v. Kevin Chukes, No. 20020376-CA; U.C.A. 1953, 76-1-402, 76-6-405, 76-6-1102.

## II

Based on the Plaintiff's years or experience in the military, the Plaintiff is fully aware that the military requires documentation to support every action or reasons for entry of anyone information into anything within a military

sector or environment, especially into a national criminal
database.

**III**

Before I (the Plaintiff) continue to address my case and
complaint to the courts, I would like to inform the Defendants
and the courts that these incidents happen or took place during
the year of 1994. These incidents happen during the period of
time the Plaintiff's household items were received coming from a
departure by the way of Germany to Augusta, Georgia.

**IV**

While in the process or en-route many of the Plaintiff's
household shipment items were completely destroyed. The
Plaintiff took the appropriate steps in reporting the damage to
the Fort Gordon's Authorities. The Fort Gordon Authorities sent
out an inspector to get an assessment of the damages. Army
Inspector James Reid signed a document dated February 18, 1994
on March 15, 1994, this document will be submit at the time of
motion to enter discovery to show proof that such damage was
accurate and a fact.

**V**

The Plaintiff was given a list of professional furniture
repair shops in the area that the Fort Gordon Claims' office
uses. The Plaintiff contacted one of many repair shops in the
area by the name of Furniture Doctor. Furniture Doctor came out

to write up an estimate report of many items that were damage
and items damage beyond repair. To the Plaintiff's knowledge
during this time Furniture Doctor left off the mattress and the
box spring to a large bedroom set that was completely destroy
during this move. The mattress and the box spring replacement
cost were approximately $500. Furniture Doctor had only placed
on the estimate report $1,500.00. Which was an error on
Furniture Doctor part, later Furniture Doctor did correct. The
Plaintiff and the Plaintiff's designated power of attorneys
representatives later got a second opinion and turned such
estimate report in to the Fort Gordon military authorities and
the Plaintiff's private appointed attorney which was later
denied by the Fort Gordon's claims office for some strange
reason. This denial was not in accordance with the claim
processing or procedures in submitting a claim for recovery.

## VI

During this process, Furniture Doctor was contact during
this time by the Plaintiff's mother who was given a power of
attorney to handle the Plaintiff's military claims. During this
period of time the claim was submitted the Plaintiff was absent
in completing other military business and family's business
matters. The Plaintiff has documentation and voicemail recording
to verify the timeline. These documents and items will be

1  submitted at the time a motion is given to enter discovery.

2  (FACT)

3                                VII

4      Prior to the Plaintiff's absent to complete other matters,

5  the Plaintiff signed the forms and advised family members who

6  had power attorneys to submit the claim within the proper time

7  frame. Allowing the proper recovery for the damage items to be

8  claimed within the proper time period of filing a claim. (FACT)

9

10                               VIII

11     In the month of June of 1994, the Plaintiff received a

12  message that there were a few issues concerning the Plaintiff's

13  household claim that the Plaintiff could not understand,

14  especially after the inspector's report. Upon receiving these

15  messages from family members and due to the Plaintiff's agendas

16  at the time, on June 10, 1994, the Plaintiff hired a private

17  attorney by the name of Chuck R. Pardue. (FACT)

18                                IX

19     Attorney Pardue is located in the Augusta, Georgia area

20  near the post of Fort Gordon. Attorney Pardue's job and tasks

21  were to fully and completely handle whatever matters or issues

22  there may be concerning the household goods claim; therefore,

23  releasing the Plaintiff, the Plaintiff's mother and other

24  relatives from the lack of understanding and dealing with the

25  military and the claim processing. The Plaintiff's mother and

Sam L. Clemmons v. Dept of Army Office of the General Counsel, Washington, DC
20310-0104

6

himself turned over **all** documentation to Attorney Chuck R.

Pardue and Attorney Pardue advised the plaintiff that he would

fully handle the matter or whatever issues there maybe. (FACT)

**X**

These documents from Attorney Pardue will be turned over to

the courts at the time the courts place such order to enter

discovery such document has already been submitted to the

Department of Defense for submission and processing for their

records. (FACT)

**XI**

It is from the Plaintiff's understanding that the Defendant

wishes not to accept or deal with the Plaintiff's private

attorney concerning the Plaintiff's household good claim. During

this time, it is alleged that the Defendant still wishes to

allegedly contact the Military Criminal Investigation Command by

telephone. The Defendants refused to provide accurate paperwork

or documentation to give this command the Plaintiff's personal

information to be placed in national criminal database to

intentionally cause harm and destroy the Plaintiff's future and

career in the United States of America.

**XII**

The Plaintiff states to the courts that this is an

assumption were the identity theft and identity fraud may have

taken place. It should be known to the courts that this

miscommunication or incident on behalf of the Defendant's
actions have caused so much hardship that the Plaintiff has
faced to this point in filing this complaint in the United
States District Courts for the District of Columbia for relief.
(FACT)

## XIII

Upon the Plaintiff's attorney (Chuck Pardue) exhausting his
efforts to correct this mistake of the law. The Plaintiff's
attorney gave the Plaintiff advice that if such matters should
surface to provide any sources with the documentation of proof
that such matters at this military command post is **not** fraud by
the Plaintiff. It is fraud by the military due to the military
actions in not accepting the truth. The Plaintiff will provide
the courts with **60 pages** of support documentation to support the
Plaintiff's stance or actions that fraud never happen on behalf
of the Plaintiff during these periods of times. These pages will
be provided to the courts at the courts' motions to enter
discovery. (FACT)

## XIV

The Plaintiff informs the courts that as of this date no
one has questioned the Plaintiff about any incidents nor has
anyone asked the Plaintiff for any information concerning these
matters of law before the courts. The employees of these federal
agencies views the Plaintiff as a convicted felon who does not

1  qualify for many positions that the Plaintiff have applied for
2  in the United States of America.

### XV

4  The Plaintiff express to the courts and feels that all the
5  Plaintiff's 14 years served in the military was for nothing and
6  the Plaintiff's time of service has no meaning. Due to this
7  alleged mistakes of the law by the Department of Army and the
8  Department of Defense. Let it be known for the record, the
9  Plaintiff has never had any pervious problems or violation
10  during the Plaintiff's tenure of service in the Armed Forces not
11  even a parking or vehicle violation.

### XVI

14  The Plaintiff wishes to address to the courts that in the
15  year of 1996 through 2006, the Plaintiff has applied for many
16  top level or top-secret jobs or positions. The Plaintiff now
17  knows, after the federal investigation conducted in June the
18  year of 2000 there is a record labeling the Plaintiff as a
19  convicted criminal. (FACT)

### XVII

21  In the year of 2005, the Plaintiff discovered a letter from
22  the Department of the Army, Headquarter U.S. Army Signal Center
23  in Fort Gordon, Georgia. This letter ordered the Plaintiff not
24  to reenter the reservation of Fort Gordon as if the Plaintiff
25  was tried and convicted in a military court for a crime the

Plaintiff never committed. This letter is from Fort Gordon
military reservation dated, January 12, 1995 which is the same
time frame the Plaintiff had battles with the Department of the
Army false claims, claiming that the Plaintiff owed the
Department of the Army $20,000.00. The Department of Defense
placed a derogatory debt owed on the Plaintiff's credit file
destroying the Plaintiff's character, ability to obtain credit,
jobs, etc causing a great deal of hardship to the Plaintiff and
the Plaintiff's family. (FACT)

## XVIII

The Plaintiff informs the courts, in order for the
Plaintiff to get relief and get the Department of the Army and
the Department of Defense off the Plaintiff's credit file and to
get some sort of freedom for the Plaintiff. A member from the
United States Senate by the name of Honorable Trent Lott had to
intervene to solve this matter and issues of the law. Which
resulted in an intentional act and not a mistake made by the
Department of the Army. Could this same intentional act be the
one that plagues the Plaintiff today labeling the Plaintiff a
convicted criminal? The Plaintiff states to the courts that this
particular incident is greater then the small claimed amount
addressed earlier in this complaint amounting to $500.00. This
incident of $20,000.00 seems more of a felony violation and

1  should have had priority over any other smaller amount claimed

2  or argued.

3                              **XIX**

4      After Honorable Trent Lott intervention, the Plaintiff

5  thought this would be the end of the Plaintiff's fights and

6  struggles with the Department of the Army. The Plaintiff later

7  finds out that it is not over due to the identity theft and

8  identity fraud that still exist from the possibilities of the

9  Plaintiff returning to America in December of 1993 (coming from

10 Germany) actions caused by Allan T. Downen.

11

12                              **XX**

13     The Plaintiff states to the courts a lot of damage has

14 occurred here due to the Defendant's negligence acts. Therefore,

15 causing the Plaintiff to come forth today to file this complaint

16 against the Department of Army and the Department of Defense for

17 unauthorized and prohibited personnel actions of identity theft,

18 identity fraud and theft by deception. The Plaintiff is

19 requesting correction to the record, and to compel complete

20 removal of **all** the Plaintiff's personal information from

21 Department of the Army, The Department of Defense and the

22 Criminal Investigation Command Center's databases.

23                              **XXI**

24     The Plaintiff is requesting compensation after a court

25 examination of the Defendant's records, facts and rule that such

matters are a mistake of the law, but an intentional criminal act of the Defendant. The Defendants are fully capable of understanding the law and seeing that such actions brought about by the Defendant is not justified and to award the Plaintiff a summary judgement in the amount of **$15,000,000.00** (fifteen million dollars) for punitive damages recovery and violation of the Freedom of Information Act. If it is found by the courts that the Department of Defense is also responsible for such wrongful entry and submission of the Plaintiff's personal information into a criminal database from these claims and wrongful involvement with the Criminal Investigation Command. Then this complaint should stand on it face and summary judgement should be in whole.

### XXII

The defendant should know or knew that the simple way to resolve this matter was to contact the Plaintiff via telephone and request the Plaintiff to come in to discuss the claim submission. The Defendant could have requested the Plaintiff to return back to the Furniture Doctor to retrieve the correct estimate report with correction, if the Defendant had the wrong paperwork. To the Plaintiff's knowledge the Defendant had the correct documents. The Defendant chose not to honor the proper method and choose to make this matter bigger then what it is in court today.

## XXIII

The Plaintiff does wish to adds an in-depth passage to the
Defendants. So that the Defendants will have a full but fair
understanding of the Plaintiff's actions here today in filing
this complaint before a judge or courts to hear and rule on the
Plaintiff's submission to request full relief from these
criminal's actions against the Plaintiff.

## XXIV

The Plaintiff would like to express to the Defendant or
Defendants that ignorance of the law is no excuses, it is one of
the most familiar phrases in any branch of jurisprudence. It is
not entirely without exceptions although some exceptions are
rare. What one has intended to do results in their own passage
and interruptions of the law? In other words, what the Plaintiff
is saying to the Defendant that every person, agency or
departments are presumed to know the law. In order to understand
either the rule itself or the exceptions thereto, it is
necessary to know in this case matter what is the words
"presumed" and "presumption" and they are used in three
different senses in the law. One of the senses is to signify a
mere inference of fact. The second one is a true presumption,
which is a rule of law which calls for certain results unless
the party or defendant adversely affected comes forward with
evidence to overcome the complaint filed against such defendant.