1  This (although it is the true presumption) often is referred to

2  as a *prima facie presumption*" to distinguish it from the so-

3  called "conclusive presumption" which is a legal device in the

4  form of a what they call a postulate. It is used for the

5  determination of a particular case whether it represents the

6  actual facts or not. Which bring about the rule of evidence when

7  a typical example is the conclusive presumption of delivery by

8  all parties or defendants to a negotiable instrument, which has

9  reached the hands of a holder such as the plaintiff in due

10 course. The net result of this "conclusive presumption" is that

11 such a plaintiff as myself in due course can enforced the

12 instrument such as a complaint such as I (the Plaintiff) am

13 doing as effectively against the Defendant who will have to

14 explain the Defendant's actions in ordering a criminal

15 investigation and giving such criminal investigation agency or

16 command the Plaintiff's personal information. And request to

17 label the Plaintiff as a convicted criminal for two incidents

18 beyond the Plaintiff's control, resulting in identity theft,

19 identity fraud and theft by deception to intentionally to cause

20 harm and hurt upon the Plaintiff. These are felony crimes.

## XXV

21 If "everyone is presumed to know the law" in this sense, it

22 means that a particular case will be disposed of exactly as if

23 the Defendant actually did know the law whether such is the fact

1  or not. And this is exactly the sense in which this word should

2  be used in evaluation of the facts in this case before the judge

3  and the courts today. It is known this is the sense in which it

4  is used in all cases in which "ignorance of the law is no

5  excuse." There are some rare and exceptional cases in which

6  ignorance of the law is recognized as an excuse in some criminal

7  cases the presumption is rebuttal able, but in this case before

8  the court we have a very knowledgeable Defendant, who is of age

9  to know right from wrong. We have a Defendant who is very

10 professional and capable of thinking things through before

11 committing a wrongful act or committing a crime and someone who

12 will take accountability and responsibility for their actions.

13

14                              **XXVI**

15    They say, "The truth shall always set you free", "a false

16 submission will always come back to capture you". No matter how

17 hard it is for someone to tell the truth. You must tell it if

18 you ever want to be free. The Defendants are caught up in this

19 because the Defendants requested or wrongfully administrated a

20 false submission into a "federal" criminal database causing the

21 Plaintiff many career opportunities, humiliation, and hardship

22 to the Plaintiff and the Plaintiff's family. Is this fair? To

23 set the Defendant free the Defendant should submit to the court

24 evidence of **(1)** court orders or administration paperwork

25 requesting a criminal investigation. **(2)** Documentation

administrated to the Criminal Investigation Command requesting
an investigation to be conducted and **(3)** Documentation from the
criminal investigation command to justify its statements stated
in several documents submitted to the Plaintiff claiming the
Plaintiff said "you said". **(4)** The Plaintiff is requesting
documentation for the courts to show the Plaintiff were in
custody of the Criminal Investigation Command. Show the courts
were the Plaintiff signed a waiver of rights to have the
Plaintiff's Miranda Warning rights waived and to be interviewed
without counsel or to be questioned by such investigator without
proper probable cause or a felony crime has been committed or is
in question. **(5)** The Plaintiff is requesting from the Defendant
to request from it point of contact with the Criminal
Investigation Command to print out a hard copy of the database
to show the date, time and agent ID number along with agent's
signature when such Plaintiff's information was entered into a
federal government's criminal database.

### XXVII

If you cannot provide the courts what you should have in
your records and what the Plaintiff is requesting under the
Freedom of Information Act, so the Plaintiff say to the
Defendants and the Department of the Army.... The Defendants
know the Plaintiff have children of his own and the Plaintiff
must inform the Defendants and the courts…that this is type of

fraudulent behavior is learned or taught by someone or retained through some source somewhere within the Defendants' organization. The Plaintiff says to the Defendants that the Plaintiff would never teach or inform the Plaintiff's children to do what the Defendant have done to the Plaintiff and to do it to others or do any harm against the Department of Defense or against this country for the Defendant's wrongdoing. This type of behavior that has occurred is somewhere in our system within the Department of the Defense. It has no justification. The Plaintiff says to the Department of the Army (Defendant) that the Department of the Army should be accountable for its actions and reply back to the courts with the truth. It is truly obvious that your actions are fraudulent ones and they were not justifiable or needed in the Untied States of America.

## XXVIII

I (the Plaintiff) also say to the Defendants' think of me as if I was you, what if someone or an agency would have done this to you, your family or your agency? How would you feel? How would you react? What would you do?  Would you think what I've done here today is not justified?

## XXIX

We all have a heart that beat like a clock. We all share and breathe the same oxygen. We all have blood running through our veins; we all expect to be treated fairly, but equal while

we are here on earth. So I ask why do you (the reader) expect that you can treat me so differently? What have I done to you or your agency prior to this complaint? I was truthful at the time of entering the military and I still will remain truthful to this country today in filing this complaint and afterward.

### XXX

Now you (the Defendants) and your agency must prove to the courts that I (the Plaintiff) provided your agency with false information according to the United State statue 18 U.S.C.A § 1001(2)(34).

### XXXI

With the above testimony stated above, I (the Plaintiff) wish to continue to add to this passage and to the Department of the Defense and its federal employees.

### XXXII

I (the Plaintiff) states, that in additional to the occurrence of events that I expressed to the courts above. I have tried to resolve this matter with the Department of Defense and Department of the Army in the most civil way possible prior to this date in filing this full civil suit for recovery.

### XXXIII

During the month and year of March 21, 2005, I (the Plaintiff) sent such communication to the post of Fort Gordon, Georgia trying to find the facts behind this identity theft,

identity fraud and theft by deception. The Plaintiff sent a

written communication to the Post Commander of Fort Gordon

certified mail delivery document number <u>7001 1140 0002 6561 0510</u>

in this letter the Plaintiff sent the complete package of

information from pervious communications that transpired in the

years of 1994 through 1995.

### XXXIV

On May 10, 2005, The Chief, Claim Branch Manager name Allan

T. Downen wrote the Plaintiff. Advising the Plaintiff that he

(the Defendant) is in receipt of the Plaintiff's letter dated

March 21, 2005 that the Plaintiff sent to the Commanding General

of Fort Gordon requesting to investigate this possibility of

identity fraud.  Mr. Downen advised the Plaintiff that he is

investigating the matter contained therein and will be

responding back to the Plaintiff as soon as he have gathered the

pertinent materials. Mr. Downen anticipates responding back to

the Plaintiff should be within 30 days. Mr. Downen did

acknowledge the material the Plaintiff submitted and that the

Plaintiff once had Attorney Chuck Pardue representing the

Plaintiff. (FACTS)

### XXXV

On June 10, 2005, the Plaintiff received a certified mail

letter with a tracking number of <u>7004 1160 0003 5065 3478</u> from

the Colonel John H. Belser of the Staff Judge Advocate's Office.

Where in Colonel Belser's letter Colonel Belser states and acknowledge that there was an investigation conducted without the Plaintiff's knowledge or consent by the Army's Criminal Investigation Command (CID), and it claims that "you" stated to "them" that Furniture Doctor had authorized "you" to make the change on the estimate form. Now I question why or what business do I (the Plaintiff) have with this Criminal Investigation Command? For the colonel to make such a statement there should be documentation in front of the Colonel to warrant or call for a federal investigation. The Colonel should have document of a warrant for arrest or some sort to justify this investigation in front of the Colonel that should be part of the record and which I (the Plaintiff) should be entitled to according to the Freedom of Information Act. This or these documents should have the investigator's interviews with Furniture Doctor's personnel signed by this Criminal Investigation Command Center and Furniture Doctors' employees. The colonel stated in his letter that the CID closed the investigation on **16 June 1994** with a finding that "you" had submitted a fraudulent claim by altering the appraisal form. The Department of the Army should have no reason or recoil from releasing these facts documentation under the Freedom of Information Act to validate such statements in this government agency letter as truthful. This is a government record and according to the law under the Freedom of Information

Act any government agency that has a record should release such record upon request under the Freedom of Information Act. (FACT)

### XXXVI

I (the Plaintiff) wrote the Defendant back explaining that is clearly not true or not the true facts in this matter over $500.00, "petty". In the Colonel's letter, the colonel continued to expresses after realizing an "error" had been made concerning issuing an order not to reenter the Reservation, but failed to admit there is no order to request a federal investigation. The Colonel rescind such order and later went on to elaborate in his letter that "I am not aware of **any database** or other location where your name has been listed with a negative connotation preventing you from obtaining a career position." "If you can provide more details concerning the referenced database, I will investigate that situation." This turns out to be a false statement. See Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2)(15)(34).

### XXXVII

On June 3, 2005, I (the Plaintiff) sent another certified letter to the Commanding and General's office of Fort Gordon, Georgia and the Office of the Staff Judge Advocate's Office addressed to Colonel John H. Belser. In this letter I (the Plaintiff) thanked the colonel for his assistance but his pervious communication to me (the Plaintiff) was not accurate

1   and was not true. I (the Plaintiff) further advised the colonel

2   that law enforcement officers and agencies are claiming that I

3   have a criminal record coming from activities or involvement on

4   the post of Fort Gordon, Georgia. I provided the colonel with

5   all the information concerning two issues I had encountered with

6   the Department of the Army. This particular communication was

7   sent by certified mail delivery with a tracking number of **7004**

8   **2510 0002 5064 7988** signed on October 17, 2005. Another one sent

9   to the Commanding General Office of the U.S. Army Claims

10  Services in Fort George E. Meade, Maryland with a tracking

11  number of **7004 2510 002 5064 7971** signed on October 14, 2005.

12

13                              **XXXVIII**

14      On July 13, 2005, in return of the Plaintiff pervious

15  communication to Fort Gordon, Georgia, the Plaintiff received a

16  letter from Mr. Allan T. Downen, Chief, Claim Branch Officer.

17  Advising the Plaintiff that he is responding to the Plaintiff's

18  letter of July 5, 2005, to Colonel John H. Belser who is no

19  longer assigned to this office. In this letter Mr. Downen

20  explains why such claim was denied and he so claim that he

21  provided the Plaintiff's attorney with **all** the information and

22  that such decision is final as a matter of law which is fraud on

23  the part of the Defendant (Allan T. Downen).

24

25

### XXXIX

Mr. Downen went on to state in his letter that "I do want to assure you that **no law enforcement officer or agency** has access to the claims database and you are **not** being denied employment on the basis of action taken with respect to your claim." (FRAUD) See <u>Fed. Rules Civ.Proc. Rule 17, 28 USCA</u> and complete understanding of Federal Regulation <u>111 ALR, Fed. 295</u> and <u>18 U.S.C.A § 1001 (2)(15)(34)</u>. (FACT)

### XL

After receiving Mr. Downen's letter. On August 13, 2005, I (the Plaintiff) sent another communication to the Post Commander and this time sent a communication to the Department of the Army, Commanding General Office of the U.S. Army Claims Services, Office of the Judge Advocate General located at Fort George E. Meade, Maryland. In this letter I (the Plaintiff) informed the Lieutenant Colonel in Charge that I was trying to clear my name concerning the two issues that I am aware of concerning claim issues in the year of 1994 - 1995. This communication was sent my Fed Ex Express Services with a tracking number of <u>811932233327</u>. I requested releasing of my complete records according to the Freedom of Information Act 5 U.S.C. 552 and 5 U.S.C. 552a. Such request was denied.

1

## XLI

2      In return of this express mail request to Fort George, I

3 received another communication from the Department of the Army,

4 Office of the Staff Judge Advocate's Office located in Fort

5 Gordon concerning the letter the Commanding General had forward

6 to their office to resolve. In this letter Colonel D. Shawn

7 Shumake informs the Plaintiff that the Plaintiff's name now **does**

8 appear in a database of the United States Army Criminal

9 Investigation Command claiming that "you" submitted a fraudulent

10 claim to the United States Government by altering an appraisal

11 from the Furniture Doctor, Inc. which is **not true** resulting in a

12 Fraud submission in this database. (FACT) I will be turning over

13 documents to the courts that Mr. Downen may have committed

14 unethical actions or practice that someone in not disclosing the

15 truth and may have went through too many steps of trying to be

16 above the law.

17

## XLII

18      Upon my release, the courts or a jury will be able to see

19 the facts that fraud does exist. The Department of the Army and

20 the Department of Defense must justify who gave whom the

21 permission or authority to enter the plaintiff's personal

22 information into a government criminal database.

23

24

25

### XLIII

Upon receiving this communication from Fort Gordon dated August 31, 2005, I (the plaintiff) sent another Express letter to Fort George E. Meade, expressing releasing of my complete record under the Freedom of Information Act and to release such records to show where I (the Plaintiff) was arrested, and where I (the Plaintiff) had a full hearing in a court of law concerning this furniture claim issues and where I (the Plaintiff) was found guilty in a court of law for such fraudulent claim or submission. I advised Fort George E. Meade, according to the military's claim submission, everyone has an opportunity to submit a rebuttal against an estimate report if an estimate is to be in question. In this particular issues or claim the Plaintiff's mother or the Plaintiff did not have any recourse to explain or resubmit such claim with another appraisal. Now as the Plaintiff informed the courts the Plaintiff's retained attorney submitted **all** the documentation of proof and necessary documents to support the Plaintiff's claim. Now for some reason(s), the Department of the Army failed to honor such legal submission and should be held completely liable for providing such Criminal Investigation Command the Plaintiff's personal information to be submitted into a criminal database.

## XLIV

On November 5th, 2005, the Plaintiff received a certified letter from the Department of Army, U.S. Claims Service, Office of the Judge Advocate General's Office with a letter date of October 18, 2005 from Lieutenant Colonel Joseph J. Impallaria, Jr.. Colonel Impallaria states in his letter that "We are in receipt of your letter dated October 9, 2005, requesting a copy of any CID investigation in your files…used to render a decision against me" Colonel Impallaria went on to inform the Plaintiff that there is **no such record** responsive to the Plaintiff's request and to inform the Plaintiff that the Defendant's letter constitutes a denial for material requested under the Freedom of Information Act and that such denial was made on behalf of Major General Scott C. Black, The Judge Advocate General of the Army.

The Plaintiff was advised in his letter that the Plaintiff can appeal this determination by writing the Commander, U.S. Army Claims Service, 4411 Llewellyn Avenue, Fort George G. Meade, MD 20755-5360 within 60 calendar days of my receipt of this letter.

## XLV

On December 12, 2005, I (the Plaintiff) appealed such request and sent such appeal by Fed Express Service with a tracking number of 851980919660. This appeal was signed for by B. Rowley on December 13, 2005 at 11:26 a.m. In this appeal, I

1  (the Plaintiff) am requesting the complete record to show fraud.

2  This appeal request for information should show who order such

3  investigation by the Criminal Investigation Command to question

4  the Plaintiff's claims submitted and who conducted such

5  investigation and to release the detail copy of the

6  investigation report which should show the date and time such

7  investigation was conducted and all named individuals the

8  investigator(s)talk to. To justify the slanderous comments

9  stated in several letters addressed to the Plaintiff.

10

11                              **XLVI**

12       On January 04, 2006, I (the Plaintiff) received a

13  communication from The Department of the Army, Office of the

14  General Counsel, Washington, DC addressing receipt of the

15  Freedom of Information Act/Privacy Act (FOIA/PA) appeal dated

16  December 12, 2005, from the U.S. Army Claim Service. It

17  addresses that the Plaintiff's appeal will be reviewed on a

18  first-in, first-out basis. I (the Defendant) assure you that we

19  will review your appeal in turn and respond to you as

20  expeditiously as possible.

21

22                              **XLVII**

23       This communication was sent on January 04, 2006. The first

24  request was on March 21, 2005. On February 13, 2006 the

25  Plaintiff received a final denial letter to the Plaintiff's

    appeal for releasing of information under the Freedom of

Information Act U.S.C. § 552(a)(4)(B). Today this complaint is written before the courts on March 16, 2006, which is well over the **20 days** to respond to the dates according to the law under the Freedom of Information Act. Therefore, it shows very strange behavior signs and warning that something is not right or correct for the record and according to the proper time response to release information according to the law.

## XLVIII

Therefore, I (the Plaintiff) file justify this complaint against the Department of the Army for an intentionally act of identity theft, identity fraud and theft by deception. The Department of the Army is sole responsible for contacting such Criminal Investigation Command and providing the Plaintiff's personal information to another federal agency without **any** proper documentation or written orders to support their actions and providing false information to other federal agencies.

## XLIX

The Plaintiff states as of this date such slanderous comments has not been verified and proven by this Defendant, this agency, and no other agency which makes this agency to be liable for slander and misuse or abuse of the Plaintiff's personal information. See case laws or similar case laws of: *Anigio-Medical Corp v. Eli Lilly & Co.*, 720.F.Supp.269; *Roger*

*Corp. v. Arlon, Inc.*, 855 F. Supp.560; *Leavitt v. Cole*, 17 Fla
L. Weekly Fed. D71.

<u>**L**</u>

The plaintiff states before the courts and in this
complaint that the law states: Each agency, upon **any** request for
records made under paragraph (1), (2), or (3) of the Freedom of
Information Act, shall determine within **20 days** (excepting
Saturday, Sunday, and legal public holidays) after the receipt
of any such request whether to comply with such request and
shall immediately notify the person or plaintiff making such
request of such determination and the reasons therefore, and of
the right of such person to appeal to the head of the agency any
adverse determination. It is known that if such agency wishes
not to release such information the person or plaintiff must
file a complaint in the District Court of the United States in
the district in which the complainant resides, or has his
principle place of business, or in which the agency records are
situated, or in the District of Columbia, has jurisdiction to
enjoin the agency from withholding agency records and to order
the production of any agency records improperly withheld from
the complainant. In such case as this one the court shall
determine the matter de novo, and may examine the contents of
such agency records in camera to determine whether such records
or any part thereof shall be withheld under any of the

1 exemptions set forth in subsection (b) of the Freedom of

2 Information Act, and the burden is on the agency to sustain its

3 action.

### LI

5    The Plaintiff states and continues to admit in this court

6 that there is a very strange sign of fraud and withholding the

7 truth from the Plaintiff; therefore, the Plaintiff is fully

8 requesting such record sought for complete review, correction

9 and removal of defamatory records in this court of law.

### LII

12    The plaintiff is requesting to the court to order such

13 agency to release **all** the records to this court including

14 records to show that such claim submitted to the Department of

15 the Army show signs of any fraudulent activity to warrant a

16 criminal investigation to be conducted. **(2)** Provide the courts

17 with all power of attorney submitted to the Defendant when

18 filing such claim. **(3)** Provide the court with Criminal

19 Investigation Command's Investigation Reports and the date such

20 reports were started and completed and who completed such

21 reports as well as all other requested documents as stated on

22 pages 14-15 of this complaint.

### LIII

24    If such information cannot be provided to the courts

25 according to the Freedom of Information act then such courts

should label such investigation as fraudulent and hold such Department of the Army and the department's employees to be fully liable for the punitive damages. The courts will see that both have caused the Plaintiff and the Plaintiff's family a great deal of hardship. The Plaintiff is requesting to the courts to compel and remove the entire Plaintiff's personal information from such agency databases.

## LIV

The Plaintiff informs the courts that upon the Plaintiff releasing the information to the Department of the Army. The Plaintiff surrender **all** information in good faith and professionally provided **all** the information requested in a timely manner and provided **all** support documents to the Plaintiff's retained attorney acting on behalf of the Plaintiff. Once again, all these documents will be provided to the court upon a motion to enter discovery.

## LV

The Plaintiff's Freedom of Information request was submitted in a timely manner and such requests were intentionally denied and withheld due to many unknown reasons. Which is a violation of the law and is causing this civil lawsuit in the District Court of Columbia in the amount of **15,000,000.00** (fifteen million dollars) against such agency for

1    violation of the law under the Freedom of Information Act under

2    § 5 U.S.C.A. § 552 and other law violations.

3         There is a strong possibility that this federal agency have

4    provided false information that could be link to ongoing spread

5    of false information to other federal investigation and

6    agencies. Therefore, holding the Defendant to be in violation of

7    many prohibit personnel practices under the United States Code 5

8    U.S.C. § 2302(b) (8), acts of slander violation under case law

9    or other related cases of *Anigio-Medical Corp v. Eli Lily & Co.*,

10   720 F.Supp.269; *Roger Corp. v. Arlon, Inc.*, 855 F. Supp. 560;

11   *Leavitt v. Cole, 17 Fla L. Weekly Fed. D71.;* U.C.A. 1953, 76-6-

12   405, 76-6-1102 and *State v. Ross*, 951 P.2d 236, 241 (Utah Ct.

13   App. 1997)

14                                  **LVI**

15        The Plaintiff states, if such is confirmed through this

16   court that such wrongful activity does exist in the agency

17   records after the court review such record under the matter of

18   *de novo*. Let the facts be known and confirmed that the Defendant

19   (The Department of The Army's employee by the name of Allan T.

20   Downen) intentionally, wrongfully, willfully, deliberately,

21   maliciously, gave the Plaintiff's personal information to

22   Criminal Investigation Command without proper documentation to

23   request such investigation which ruined the Plaintiff's career

24   over a minor claim of $500.00 or a larger dollar amount which

1  was also in dispute in the amount of $20,000.00. It is not yet
2  confirmed if Mr. Allan T. Downen is behind the false claim of
3  the Plaintiff trying to defraud the government of $20,000.00.
4  After a court, judge or jury have examined all the facts
5  requested and need to draw a conclusion to this complaint a
6  court should award a summary judgment in whole in favor of the
7  Plaintiff regardless.

### LVII

After the court's de novo, the Defendant should be held
accountable for crimes of identity theft, identify fraud, theft
by deception and deformation of character. (See statue: U.C.A.
1953, 76-6-405, 76-6-1102 and **State v. Ross, 951 P.2d 236, 241
(Utah Ct. App. 1997)**

### LVIII

The Plaintiff express to the courts as the court can see if
the Plaintiff would have given the Defendant false information,
as the Defendant so allegedly claim such actions will be a crime
and punishable in any court of law. See case law or other
related cases of: U.S. v. Baer, 274 F. Supp.2d 778 (E.D. Va.
2003)

### LIX

The burden of proof is for the court to administrative the
law and for the Defendant to proven that such information does
exist or does not exist in the Plaintiff's records, per

1  Plaintiff's requests as provided by the Department of the Army,

2  professional investigators and administrative staff.

## LX

4  It has been confirmed at the time of this civil complaint

5  has been filed within the District Court for the District of

6  Columbia that Mr. Allan T. Downen the Chief, Claim Branch

7  Manager is the responsible party for unethical conduct by making

8  a false claims and initiating contact with the Army Crime Record

9  Center without a written or approved order from a military

10  courts or the Post Commander.  Evidence will show that Mr.

11  Downen ignited a fraudulent investigation thereby, entering the

12  plaintiff's personal information into a Army Crime Record

13  Database and later giving false information that such does not

14  exist and trying to cover up his intentional act conducted

15  wrongfully, willfully, and intentionally.

## LXI

18  With the above statements stated in this complaint for the

19  record and if this civil action cannot be settled out of court,

20  the Plaintiff is asking for a civil trial before his peers (jury

21  trial) revealing all the issues along with the **FACTS** requested

22  and set forth in this case. The Plaintiff is requesting for a

23  jury to rule base on the issues and facts provided in this

24  compliant as of this date the compliant is filed and logged into

25  United States District Court's system. The Plaintiff is aware

that both sides must agree to a jury trial for one to be granted. The Plaintiff is consenting to a jury trial.

### LXII

The Plaintiff wishes to maintain and reserve rights to sell story to the public if necessary.

### LXIII

As the court can see by the detail of event and activity as stated in this complaint that all attempts to resolve this matter or complaint have been exhausted. The burden of the proof lies on the Defendant to prove *all* actions that developed into *issues* and *allegations* are truthful on the record.

### LXIV

In the final outcome, it should show that Chief Claim Director name Allan T. Downen intentionally, wrongfully and deliberately contacted the Criminal Investigation Command with malice intent to cause harm to the Plaintiff. It will show that such person (Mr. Downen) provided forced upon whomever was in the investigator's position to take the Plaintiff's personal and private information and enter it into a national criminal database. Therefore, labeling the Plaintiff as a criminal and someone who cannot be trusted in their (the Defendant's) false claims that the Plaintiff intentionally and maliciously tried to defraud the United State Government out of $500.00 or $20,000.00. When the Plaintiff departed the military with more

and paid an attorney with the same or more to resolve any issues there may be. What element of a crime is there? That shows on behalf of the Plaintiff, that the Plaintiff intentionally tried to trick, con or get over on the government? What facts can the Defendant provide to the courts or show a jury justifiable actions by the Defendant to justify the Defendant's stance. It is for the court and a jury to see the Defendant's facts to justify the Defendant's actions.

### LXV

The Defendant's employees have not been reported to the Office of Special Counsel for internal disciplinary actions for their actions as of June 10th, 1994, the U.S. Attorney will have to report such staff members and deal with them accordingly.

### LXVI

In closing, the Plaintiff wish to inform the Defendant that the Plaintiff is fully aware of when considering a motion for summary judgment, it is known that the court must examine **all** evidence in the light most favorable to the Plaintiff (nonmoving party). I (the Plaintiff) would advise the Defendant to consider case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: *Anthony v. United*

*States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party
(the Defendant) does not bear the burden of proof at trial, it
must show "that there is an absence of evidence to support the
nonmoving party's (the Plaintiff) case". In this case the
nonmoving party (the Plaintiff) has expressed evidence by giving
names, dates and key information that no one knows but the
Defendant knows to support the Plaintiff's claim; The Plaintiff
also have additional material evidence to justify the Plaintiff
actions in filing this lawsuit. Therefore, case law to consider:
*Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548,
2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter.
The Federal Insurance Company under the Defendant's Crime
Insurance Policy must be provided by the Defendant (hereinafter
the "Federal Policy", and therefore the Defendant has sustained
no loss in this action, nor did the Plaintiff cause any hurt or
harm to the Defendant, the Defendant caused this action or
judgment upon itself (The Dept of the Army) *see* Fed. Rules
Civ.Proc. Rule 17, 28 USCA and Defendant should have a complete
understanding of Federal Regulation 111 ALR, Fed. 295, 18
U.S.C.A § 1001 (2)(15)(34) and The Freedom of Information Act 5
U.S.C. 552 and 5 U.S.C. 552a.

## LXVII

*They say in the end … Good will always triumph over Bad….*

End of Complaint:

*Sam L. Clemmons*

Sam L. Clemmons, Plaintiff Pro Se
548 Saint Charles Place
Brookhaven, MS 39601


**CC:** www.usps.com for tracking purposes
United States Attorney General
  **Express Mail #: ED 973870651 US**
U.S. Attorney
  **Express Mail #: ED 973870648 US**
Department of the Army, Attn: General Counsel
  **Express Mail #: ED 973870665 US**
Department of the Army, Attn: Allan T. Downen
  **Express Mail #: ED 973870679 US**
Law Office of Leeds, Morelli & Brown;
  **Express Mail #: EQ 242463319 US**
The Rainbow Push Collation
  **Express Mail #: EQ 242463296 US**
The NAACP Chapter for the District of Columbia
  **Express Mail #: EQ 242463305 US**
Mary L. Lee, Paralegal;
  **Certified Mail #: 7005 0390 0002 2211 2578**
George Tillman, Paralegal
  **Express Mail #: EQ 241268295 US**
United State District Court for the District of Columbia;
  **Express Mail #: EQ 242464022 US**
Records