06-510

THE FOLLOWING ATTACHED PAGES TO THE
COMPLAINT SHOULD REPLACE OR ADD TO THE
PERVIOUS COMPLAINT SUBMISSION DUE TO THESE
PAGES MAY HAVE BEEN EDITED IN SOME FORM SO
THAT THE COURT, THE DEFENDANT AND THE
PLAINTIFF WILL SEE AND ARGUE THE SAME WITHOUT
ANY CONFUSION.

THANKS FOR ACCEPTING AND CORRECTING THE
RECORD

RECEIVED

AUG 1 ¯ 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS                )
548 SAINT CHARLES PL           )
BROOKHAVEN, MS 39601           )
                               )
vs.                            )
                               )
                               )
Department of the Army         )
Office of the General Counsel  )
Washington, DC 20310-0104      )
                               )
_____

CASE NUMBER:
**1:06CV00510 (RCL)**

**REVISED COPY**

**March 16, 2006**

## FREEDOM OF INFORMATION ACT VIOLATION & OTHERS

Comes Samuel L. Clemmons, Jr. file this civil complaint in District Court for the District of Columbia against the Department of Defense and one federal employee by the name of Allan T. Downen. Mr. Allan T. Downen is the Chief Claim Branch officer who is believe to have well over 15 years of experience in administrating and processing claims within the Department of Defense. It has been confirmed that Mr. Downen has committed identity theft, identity fraud and theft by deception by providing the Army Criminal Investigation Command Center the Plaintiff's personal information under two incidents of wrongful alleged claims to defraud the government or false attempts to settle claims. It is believed that the Defendant reported that the Plaintiff tried to defraud the government of $20,000.00 on one incident. The Plaintiff tried to defraud the government



RECEIVED

AUG 1 ‒ 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

$500.00 on another incident; therefore, defrauding the

government of a total of $20,500.00 against the United States

Government or attempting to defraud the government during the

period of times these claims were submitted. These false claims

or allegations alone have caused tremendous amount of hardships

upon the Plaintiff and the Plaintiff's potential careers

opportunities. It is believed that the Defendant is responsible

for providing the Army Criminal Investigation Command Center the

Plaintiff's personal information such as name, address, social

security number and date of birth without the Plaintiff

acknowledgment or consent. The Defendants have failed to produce

either a court order, military documents from the Post Commander

requesting an investigation. Nor any warrants to request an

investigation or prove such admission is needed under the

Freedom of Information Act which now makes the Defendant to be

in violation of many laws.  See Case law and related cases of

State of Utah v. Kevin Chukes, No. 20020376-CA; U.C.A. 1953, 76-

1-402,76-6-405,76-6-1102.

## II

Based on the Plaintiff's years or experience in the

military, the Plaintiff is fully aware that the military

requires documentation to support every action or reasons for

entry of anyone information into anything within a military

to write up an estimate report of many items that were damage

and items damage beyond repair. To the Plaintiff's knowledge

during this time Furniture Doctor left off the mattress and the

box spring to a large bedroom set that was completely destroy

during this move. The mattress and the box spring replacement

cost were approximately $500. Furniture Doctor had only placed

on the estimate report $1,500.00. Which was an _error_ on

Furniture Doctor part, later Furniture Doctor did correct. The

Plaintiff and the Plaintiff's designated power of attorneys

representatives later got a second opinion and turned such

estimate report in to the Fort Gordon military authorities and

the Plaintiff's private appointed attorney which was later

denied by the Fort Gordon's claims office for some strange

reason. This denial was not in accordance with the claim

processing or procedures in submitting a claim for recovery.

### VI

During this process, Furniture Doctor was contact during

this time by the Plaintiff's mother who was given a power of

attorney to handle the Plaintiff's military claims. During this

period of time the claim was submitted the Plaintiff was absent

in completing other military business and family's business

matters. The Plaintiff has documentation and voicemail recording

to verify the timeline. These documents and items will be

sector or environment, especially into a national criminal database.

### III

Before I (the Plaintiff) continue to address my case and complaint to the courts, I would like to inform the Defendants and the courts that these incidents happen or took place during the year of 1994. These incidents happen during the period of time the Plaintiff's household items were received coming from a departure by the way of Germany to Augusta, Georgia.

### IV

While in the process or en-route many of the Plaintiff's household shipment items were completely destroyed. The Plaintiff took the appropriate steps in reporting the damage to the Fort Gordon's Authorities. The Fort Gordon Authorities sent out an inspector to get an assessment of the damages. Army Inspector James Reid signed a document dated February 18, 1994 on March 15, 1994, this document will be submit at the time of motion to enter discovery to show proof that such damage was accurate and a fact.

### V

The Plaintiff was given a list of professional furniture repair shops in the area that the Fort Gordon Claims' office uses. The Plaintiff contacted one of many repair shops in the area by the name of Furniture Doctor. Furniture Doctor came out

submitted at the time a motion is given to enter discovery. (FACT)

## VII

Prior to the Plaintiff's absent to complete other matters, the Plaintiff signed the forms and advised family members who had power attorneys to submit the claim within the proper time frame. Allowing the proper recovery for the damage items to be claimed within the proper time period of filing a claim. (FACT)

## VIII

In the month of June of 1994, the Plaintiff received a message that there were a few issues concerning the Plaintiff's household claim that the Plaintiff could not understand, especially after the inspector's report. Upon receiving these messages from family members and due to the Plaintiff's agendas at the time, on June 10, 1994, the Plaintiff hired a private attorney by the name of Chuck R. Pardue. (FACT)

## IX

Attorney Pardue is located in the Augusta, Georgia area near the post of Fort Gordon. Attorney Pardue's job and tasks were to fully and completely handle whatever matters or issues there may be concerning the household goods claim; therefore, releasing the Plaintiff, the Plaintiff's mother and other relatives from the lack of understanding and dealing with the military and the claim processing. The Plaintiff's mother and

himself turned over **all** documentation to Attorney Chuck R. Pardue and Attorney Pardue advised the plaintiff that he would fully handle the matter or whatever issues there maybe. (FACT)

## X

These documents from Attorney Pardue will be turned over to the courts at the time the courts place such order to enter discovery such document has already been submitted to the Department of Defense for submission and processing for their records. (FACT)

## XI

It is from the Plaintiff's understanding that the Defendant wishes not to accept or deal with the Plaintiff's private attorney concerning the Plaintiff's household good claim. During this time, it is alleged that the Defendant still wishes to allegedly contact the Military Criminal Investigation Command by telephone. The Defendants refused to provide accurate paperwork or documentation to give this command the Plaintiff's personal information to be placed in national criminal database to intentionally cause harm and destroy the Plaintiff's future and career in the United States of America.

## XII

The Plaintiff states to the courts that this is an assumption were the identity theft and identity fraud may have taken place. It should be known to the courts that this

miscommunication or incident on behalf of the Defendant's actions have caused so much hardship that the Plaintiff has faced to this point in filing this complaint in the United States District Courts for the District of Columbia for relief. (FACT)

### XIII

Upon the Plaintiff's attorney (Chuck Pardue) exhausting his efforts to correct this mistake of the law. The Plaintiff's attorney gave the Plaintiff advice that if such matters should surface to provide any sources with the documentation of proof that such matters at this military command post is **not** fraud by the Plaintiff. It is fraud by the military due to the military actions in not accepting the truth. The Plaintiff will provide the courts with **60 pages** of support documentation to support the Plaintiff's stance or actions that fraud never happen on behalf of the Plaintiff during these periods of times. These pages will be provided to the courts at the courts' motions to enter discovery. (FACT)

### XIV

The Plaintiff informs the courts that as of this date no one has questioned the Plaintiff about any incidents nor has anyone asked the Plaintiff for any information concerning these matters of law before the courts. The employees of these federal agencies views the Plaintiff as a convicted felon who does not

qualify for many positions that the Plaintiff have applied for in the United States of America.

### XV

The Plaintiff express to the courts and feels that all the Plaintiff's 14 years served in the military was for nothing and the Plaintiff's time of service has no meaning. Due to this alleged mistakes of the law by the Department of Army and the Department of Defense. Let it be known for the record, the Plaintiff has <u>never</u> had any pervious problems or violation during the Plaintiff's tenure of service in the Armed Forces not even a parking or vehicle violation.

### XVI

The Plaintiff wishes to address to the courts that in the year of 1996 through 2006, the Plaintiff has applied for many top level or top-secret jobs or positions. The Plaintiff now knows, after the federal investigation conducted in June the year of 2000 there is a <u>record</u> labeling the Plaintiff as a convicted criminal. (FACT)

### XVII

In the year of 2005, the Plaintiff discovered a letter from the Department of the Army, Headquarter U.S. Army Signal Center in Fort Gordon, Georgia. This letter ordered the Plaintiff not to reenter the reservation of Fort Gordon as if the Plaintiff was tried and convicted in a military court for a crime the

Plaintiff never committed. This letter is from Fort Gordon military reservation dated, January 12, 1995 which is the same time frame the Plaintiff had battles with the Department of the Army false claims, claiming that the Plaintiff owed the Department of the Army $20,000.00. The Department of Defense placed a derogatory debt owed on the Plaintiff's credit file destroying the Plaintiff's character, ability to obtain credit, jobs, etc causing a great deal of hardship to the Plaintiff and the Plaintiff's family. (FACT)

## XVIII

The Plaintiff informs the courts, in order for the Plaintiff to get relief and get the Department of the Army and the Department of Defense off the Plaintiff's credit file and to get some sort of freedom for the Plaintiff. A member from the United States Senate by the name of Honorable Trent Lott had to intervene to solve this matter and issues of the law. Which resulted in an intentional act and not a mistake made by the Department of the Army. Could this same intentional act be the one that plagues the Plaintiff today labeling the Plaintiff a convicted criminal? The Plaintiff states to the courts that this particular incident is greater then the small claimed amount addressed earlier in this complaint amounting to $500.00. This incident of $20,000.00 seems more of a felony violation and

should have had priority over any other smaller amount claimed or argued.

### XIX

After Honorable Trent Lott intervention, the Plaintiff thought this would be the end of the Plaintiff's fights and struggles with the Department of the Army. The Plaintiff later finds out that it is not over due to the identity theft and identity fraud that still exist from the possibilities of the Plaintiff returning to America in December of 1993 (coming from Germany) actions caused by Allan T. Downen.

### XX

The Plaintiff states to the courts a lot of damage has occurred here due to the Defendant's negligence acts. Therefore, causing the Plaintiff to come forth today to file this complaint against the Department of Army and the Department of Defense for unauthorized and prohibited personnel actions of identity theft, identity fraud and theft by deception. The Plaintiff is requesting correction to the record, and to compel complete removal of **all** the Plaintiff's personal information from Department of the Army, The Department of Defense and the Criminal Investigation Command Center's databases.

### XXI

The Plaintiff is requesting compensation after a court examination of the Defendant's records, facts and rule that such

matters are a mistake of the law, but an intentional criminal act of the Defendant. The Defendants are fully capable of understanding the law and seeing that such actions brought about by the Defendant is not justified and to award the Plaintiff a summary judgement in the amount of **$15,000,000.00** (fifteen million dollars) for punitive damages recovery and violation of the Freedom of Information Act. If it is found by the courts that the Department of Defense is also responsible for such wrongful entry and submission of the Plaintiff's personal information into a criminal database from these claims and wrongful involvement with the Criminal Investigation Command. Then this complaint should stand on it face and summary judgement should be in whole.

## XXII

The defendant should know or knew that the simple way to resolve this matter was to contact the Plaintiff via telephone and request the Plaintiff to come in to discuss the claim submission. The Defendant could have requested the Plaintiff to return back to the Furniture Doctor to retrieve the correct estimate report with correction, if the Defendant had the wrong paperwork. To the Plaintiff's knowledge the Defendant had the correct documents. The Defendant chose not to honor the proper method and choose to make this matter bigger then what it is in court today.

**XXIII**

The Plaintiff does wish to adds an in-depth passage to the Defendants. So that the Defendants will have a full but fair understanding of the Plaintiff's actions here today in filing this complaint before a judge or courts to hear and rule on the Plaintiff's submission to request full relief from these criminal's actions against the Plaintiff.

**XXIV**

The Plaintiff would like to express to the Defendant or Defendants that ignorance of the law is no excuses, it is one of the most familiar phrases in any branch of jurisprudence. It is not entirely without exceptions although some exceptions are rare. What one has intended to do results in their own passage and interruptions of the law? In other words, what the Plaintiff is saying to the Defendant that every person, agency or departments are presumed to know the law. In order to understand either the rule itself or the exceptions thereto, it is necessary to know in this case matter what is the words "presumed" and "presumption" and they are used in three different senses in the law. One of the senses is to signify a mere inference of fact. The second one is a true presumption, which is a rule of law which calls for certain results unless the party or defendant adversely affected comes forward with evidence to overcome the complaint filed against such defendant.

This (although it is the true presumption) often is referred to as a *"prima facie presumption"* to distinguish it from the so-called "conclusive presumption" which is a legal device in the form of a what they call a postulate. It is used for the determination of a particular case whether it represents the actual facts or not. Which bring about the rule of evidence when a typical example is the conclusive presumption of delivery by all parties or defendants to a negotiable instrument, which has reached the hands of a holder such as the plaintiff in due course. The net result of this "conclusive presumption" is that such a plaintiff as myself in due course can enforced the instrument such as a complaint such as I (the Plaintiff) am doing as effectively against the Defendant who will have to explain the Defendant's actions in ordering a criminal investigation and giving such criminal investigation agency or command the Plaintiff's personal information. And request to label the Plaintiff as a convicted criminal for two incidents beyond the Plaintiff's control, resulting in identity theft, identity fraud and theft by deception to intentionally to cause harm and hurt upon the Plaintiff. These are felony crimes.

### XXV

If "everyone is presumed to know the law" in this sense, it means that a particular case will be disposed of exactly as if the Defendant actually did know the law whether such is the fact

or not. And this is exactly the sense in which this word should be used in evaluation of the facts in this case before the judge and the courts today. It is known this is the sense in which it is used in all cases in which "ignorance of the law is no excuse." There are some rare and exceptional cases in which ignorance of the law is recognized as an excuse in some criminal cases the presumption is rebuttal able, but in this case before the court we have a very knowledgeable Defendant, who is of age to know right from wrong. We have a Defendant who is very professional and capable of thinking things through before committing a wrongful act or committing a crime and someone who will take accountability and responsibility for their actions.

### **XXVI**

They say, "The truth shall always set you free", "a false submission will always come back to capture you". No matter how hard it is for someone to tell the truth. You must tell it if you ever want to be free. The Defendants are caught up in this because the Defendants requested or wrongfully administrated a false submission into a "federal" criminal database causing the Plaintiff many career opportunities, humiliation, and hardship to the Plaintiff and the Plaintiff's family. Is this fair? To set the Defendant free the Defendant should submit to the court evidence of **(1)** court orders or administration paperwork requesting a criminal investigation. **(2)** Documentation

administered to the Criminal Investigation Command requesting an investigation to be conducted and **(3)** Documentation from the criminal investigation command to justify its statements stated in several documents submitted to the Plaintiff claiming the Plaintiff said "you said". **(4)** The Plaintiff is requesting documentation for the courts to show the Plaintiff were in custody of the Criminal Investigation Command. Show the courts were the Plaintiff signed a waiver of rights to have the Plaintiff's Miranda Warning rights waived and to be interviewed without counsel or to be questioned by such investigator without proper probable cause or a felony crime has been committed or is in question. **(5)** The Plaintiff is requesting from the Defendant to request from it point of contact with the Criminal Investigation Command to print out a hard copy of the database to show the date, time and agent ID number along with agent's signature when such Plaintiff's information was entered into a federal government's criminal database.

### **XXVII**

If you cannot provide the courts what you should have in your records and what the Plaintiff is requesting under the Freedom of Information Act, so the Plaintiff say to the Defendants and the Department of the Army.... The Defendants know the Plaintiff have children of his own and the Plaintiff must inform the Defendants and the courts...that this is type of

fraudulent behavior is learned or taught by someone or retained

through some source somewhere within the Defendants'

organization. The Plaintiff says to the Defendants that the

Plaintiff would never teach or inform the Plaintiff's children

to do what the Defendant have done to the Plaintiff and to do it

to others or do any harm against the Department of Defense or

against this country for the Defendant's wrongdoing. This type

of behavior that has occurred is somewhere in our system within

the Department of the Defense. It has no justification. The

Plaintiff says to the Department of the Army (Defendant) that

the Department of the Army should be accountable for its actions

and reply back to the courts with the truth. It is truly obvious

that your actions are fraudulent ones and they were not

justifiable or needed in the Untied States of America.

### XXVIII

I (the Plaintiff) also say to the Defendants' think of me

as if I was you, what if someone or an agency would have done

this to you, your family or your agency? How would you feel? How

would you react? What would you do?  Would you think what I've

done here today is not justified?

### XXIX

We all have a heart that beat like a clock. We all share

and breathe the same oxygen. We all have blood running through

our veins; we all expect to be treated fairly, but equal while

1  we are here on earth. So I ask why do you (the reader) expect

2  that you can treat me so differently? What have I done to you or

3  your agency prior to this complaint? I was truthful at the time

4  of entering the military and I still will remain truthful to

5  this country today in filing this complaint and afterward.

**XXX**

6

7      Now you (the Defendants) and your agency must prove to the

8  courts that I (the Plaintiff) provided your agency with false

9  information according to the United State statue 18 U.S.C.A §

10  1001(2)(34).

11

**XXXI**

12

13     With the above testimony stated above, I (the Plaintiff)

14  wish to continue to add to this passage and to the Department of

15  the Defense and its federal employees.

16

**XXXII**

17

18     I (the Plaintiff) states, that in additional to the

19  occurrence of events that I expressed to the courts above. I

20  have tried to resolve this matter with the Department of Defense

21  and Department of the Army in the most civil way possible prior

22  to this date in filing this full civil suit for recovery.

23

**XXXIII**

24     During the month and year of March 21, 2005, I (the

25  Plaintiff) sent such communication to the post of Fort Gordon,

Georgia trying to find the facts behind this identity theft,

identity fraud and theft by deception. The Plaintiff sent a
written communication to the Post Commander of Fort Gordon
certified mail delivery document number 7001 1140 0002 6561 0510
in this letter the Plaintiff sent the complete package of
information from pervious communications that transpired in the
years of 1994 through 1995.

### XXXIV

On May 10, 2005, The Chief, Claim Branch Manager name Allan
T. Downen wrote the Plaintiff. Advising the Plaintiff that he
(the Defendant) is in receipt of the Plaintiff's letter dated
March 21, 2005 that the Plaintiff sent to the Commanding General
of Fort Gordon requesting to investigate this possibility of
identity fraud.  Mr. Downen advised the Plaintiff that he is
investigating the matter contained therein and will be
responding back to the Plaintiff as soon as he have gathered the
pertinent materials. Mr. Downen anticipates responding back to
the Plaintiff should be within 30 days. Mr. Downen did
acknowledge the material the Plaintiff submitted and that the
Plaintiff once had Attorney Chuck Pardue representing the
Plaintiff. (FACTS)

### XXXV

On June 10, 2005, the Plaintiff received a certified mail
letter with a tracking number of 7004 1160 0003 5065 3478 from
the Colonel John H. Belser of the Staff Judge Advocate's Office.

Sam L. Clemmons v. Dept of Army Office of the General Counsel, Washington, DC

1  Where in Colonel Belser's letter Colonel Belser states and

2  acknowledge that there was an investigation conducted without

3  the Plaintiff's knowledge or consent by the Army's Criminal

4  Investigation Command (CID), and it claims that "you" stated to

5  "them" that Furniture Doctor had authorized "you" to make the

6  change on the estimate form. Now I question why or what business

7  do I (the Plaintiff) have with this Criminal Investigation

8  Command? For the colonel to make such a statement there should

9  be documentation in front of the Colonel to warrant or call for

10  a federal investigation. The Colonel should have document of a

11  warrant for arrest or some sort to justify this investigation in

12  front of the Colonel that should be part of the record and which

13  I (the Plaintiff) should be entitled to according to the Freedom

14  of Information Act. This or these documents should have the

15  investigator's interviews with Furniture Doctor's personnel

16  signed by this Criminal Investigation Command Center and

17  Furniture Doctors' employees. The colonel stated in his letter

18  that the CID closed the investigation on **16 June 1994** with a

19  finding that "you" had submitted a fraudulent claim by altering

20  the appraisal form. The Department of the Army should have no

21  reason or recoil from releasing these facts documentation under

22  the Freedom of Information Act to validate such statements in

23  this government agency letter as truthful. This is a government

24  record and according to the law under the Freedom of Information

Act any government agency that has a record should release such record upon request under the Freedom of Information Act. (FACT)

### XXXVI

I (the Plaintiff) wrote the Defendant back explaining that is clearly not true or not the true facts in this matter over $500.00, "petty". In the Colonel's letter, the colonel continued to expresses after realizing an "error" had been made concerning issuing an order not to reenter the Reservation, but failed to admit there is no order to request a federal investigation. The Colonel rescind such order and later went on to elaborate in his letter that "I am not aware of **any database** or other location where your name has been listed with a negative connotation preventing you from obtaining a career position." "If you can provide more details concerning the referenced database, I will investigate that situation." This turns out to be a false statement. See Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2)(15)(34).

### XXXVII

On June 3, 2005, I (the Plaintiff) sent another certified letter to the Commanding and General's office of Fort Gordon, Georgia and the Office of the Staff Judge Advocate's Office addressed to Colonel John H. Belser. In this letter I (the Plaintiff) thanked the colonel for his assistance but his pervious communication to me (the Plaintiff) was not accurate

and was not true. I (the Plaintiff) further advised the colonel

that law enforcement officers and agencies are claiming that I

have a criminal record coming from activities or involvement on

the post of Fort Gordon, Georgia. I provided the colonel with

all the information concerning two issues I had encountered with

the Department of the Army. This particular communication was

sent by certified mail delivery with a tracking number of **7004

2510 0002 5064 7988** signed on October 17, 2005. Another one sent

to the Commanding General Office of the U.S. Army Claims

Services in Fort George E. Meade, Maryland with a tracking

number of **7004 2510 002 5064 7971** signed on October 14, 2005.

### **XXXVIII**

On July 13, 2005, in return of the Plaintiff pervious

communication to Fort Gordon, Georgia, the Plaintiff received a

letter from Mr. Allan T. Downen, Chief, Claim Branch Officer.

Advising the Plaintiff that he is responding to the Plaintiff's

letter of July 5, 2005, to Colonel John H. Belser who is no

longer assigned to this office. In this letter Mr. Downen

explains why such claim was denied and he so claim that he

provided the Plaintiff's attorney with **all** the information and

that such decision is final as a matter of law which is fraud on

the part of the Defendant (Allan T. Downen).

**XXXIX**

Mr. Downen went on to state in his letter that "I do want to assure you that **no law enforcement officer or agency** has access to the claims database and you are **not** being denied employment on the basis of action taken with respect to your claim." (FRAUD) See Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding of Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2)(15)(34). (FACT)

**XL**

After receiving Mr. Downen's letter. On August 13, 2005, I (the Plaintiff) sent another communication to the Post Commander and this time sent a communication to the Department of the Army, Commanding General Office of the U.S. Army Claims Services, Office of the Judge Advocate General located at Fort George E. Meade, Maryland. In this letter I (the Plaintiff) informed the Lieutenant Colonel in Charge that I was trying to clear my name concerning the two issues that I am aware of concerning claim issues in the year of 1994 – 1995. This communication was sent my Fed Ex Express Services with a tracking number of 811932233327. I requested releasing of my complete records according to the Freedom of Information Act 5 U.S.C. 552 and 5 U.S.C. 552a. Such request was denied.

## XLI

In return of this express mail request to Fort George, I received another communication from the Department of the Army, Office of the Staff Judge Advocate's Office located in Fort Gordon concerning the letter the Commanding General had forward to their office to resolve. In this letter Colonel D. Shawn Shumake informs the Plaintiff that the Plaintiff's name now **does** appear in a database of the United States Army Criminal Investigation Command claiming that "you" submitted a fraudulent claim to the United States Government by altering an appraisal from the Furniture Doctor, Inc. which is **not true** resulting in a Fraud submission in this database. (FACT) I will be turning over documents to the courts that Mr. Downen may have committed unethical actions or practice that someone in not disclosing the truth and may have went through too many steps of trying to be above the law.

## XLII

Upon my release, the courts or a jury will be able to see the facts that fraud does exist. The Department of the Army and the Department of Defense must justify who gave whom the permission or authority to enter the plaintiff's personal information into a government criminal database.

### XLIII

Upon receiving this communication from Fort Gordon dated August 31, 2005, I (the plaintiff) sent another Express letter to Fort George E. Meade, expressing releasing of my complete record under the Freedom of Information Act and to release such records to show where I (the Plaintiff) was arrested, and where I (the Plaintiff) had a full hearing in a court of law concerning this furniture claim issues and where I (the Plaintiff) was found guilty in a court of law for such fraudulent claim or submission. I advised Fort George E. Meade, according to the military's claim submission, everyone has an opportunity to submit a rebuttal against an estimate report if an estimate is to be in question. In this particular issues or claim the Plaintiff's mother or the Plaintiff did not have any recourse to explain or resubmit such claim with another appraisal. Now as the Plaintiff informed the courts the Plaintiff's retained attorney submitted **all** the documentation of proof and necessary documents to support the Plaintiff's claim. Now for some reason(s), the Department of the Army failed to honor such legal submission and should be held completely liable for providing such Criminal Investigation Command the Plaintiff's personal information to be submitted into a criminal database.

### XLIV

On November 5th, 2005, the Plaintiff received a certified letter from the Department of Army, U.S. Claims Service, Office of the Judge Advocate General's Office with a letter date of October 18, 2005 from Lieutenant Colonel Joseph J. Impallaria, Jr.. Colonel Impallaria states in his letter that "We are in receipt of your letter dated October 9, 2005, requesting a copy of any CID investigation in your files…used to render a decision against me" Colonel Impallaria went on to inform the Plaintiff that there is **no such record** responsive to the Plaintiff's request and to inform the Plaintiff that the Defendant's letter constitutes a denial for material requested under the Freedom of Information Act and that such denial was made on behalf of Major General Scott C. Black, The Judge Advocate General of the Army.

The Plaintiff was advised in his letter that the Plaintiff can appeal this determination by writing the Commander, U.S. Army Claims Service, 4411 Llewellyn Avenue, Fort George G. Meade, MD 20755-5360 within 60 calendar days of my receipt of this letter.

### XLV

On December 12, 2005, I (the Plaintiff) appealed such request and sent such appeal by Fed Express Service with a tracking number of 851980919660. This appeal was signed for by B. Rowley on December 13, 2005 at 11:26 a.m. In this appeal, I

(the Plaintiff) am requesting the complete record to show fraud. This appeal request for information should show who order such investigation by the Criminal Investigation Command to question the Plaintiff's claims submitted and who conducted such investigation and to release the detail copy of the investigation report which should show the date and time such investigation was conducted and all named individuals the investigator(s)talk to. To justify the slanderous comments stated in several letters addressed to the Plaintiff.

## XLVI

On January 04, 2006, I (the Plaintiff) received a communication from The Department of the Army, Office of the General Counsel, Washington, DC addressing receipt of the Freedom of Information Act/Privacy Act (FOIA/PA) appeal dated December 12, 2005, from the U.S. Army Claim Service. It addresses that the Plaintiff's appeal will be reviewed on a first-in, first-out basis. I (the Defendant) assure you that we will review your appeal in turn and respond to you as expeditiously as possible.

## XLVII

This communication was sent on January 04, 2006. The first request was on March 21, 2005. On February 13, 2006 the Plaintiff received a final denial letter to the Plaintiff's appeal for releasing of information under the Freedom of

Information Act U.S.C. § 552(a)(4)(B). Today this complaint is written before the courts on March 16, 2006, which is well over the **20 days** to respond to the dates according to the law under the Freedom of Information Act. Therefore, it shows very strange behavior signs and warning that something is not right or correct for the record and according to the proper time response to release information according to the law.

## XLVIII

Therefore, I (the Plaintiff) file justify this complaint against the Department of the Army for an intentionally act of identity theft, identity fraud and theft by deception. The Department of the Army is sole responsible for contacting such Criminal Investigation Command and providing the Plaintiff's personal information to another federal agency without **any** proper documentation or written orders to support their actions and providing false information to other federal agencies.

## XLIX

The Plaintiff states as of this date such slanderous comments has not been verified and proven by this Defendant, this agency, and no other agency which makes this agency to be liable for slander and misuse or abuse of the Plaintiff's personal information. See case laws or similar case laws of: *Anigio-Medical Corp v. Eli Lilly & Co.*, 720.F.Supp.269; *Roger*

Sam L. Clemmons v. Dept of Army Office of the General Counsel, Washington, DC

*Corp. v. Arlon, Inc.*, 855 F. Supp.560; *Leavitt v. Cole*, 17 Fla

L. Weekly Fed. D71.

## L

The plaintiff states before the courts and in this

complaint that the law states: Each agency, upon **any** request for

records made under paragraph (1), (2), or (3) of the Freedom of

Information Act, shall determine within **20 days** (excepting

Saturday, Sunday, and legal public holidays) after the receipt

of any such request whether to comply with such request and

shall immediately notify the person or plaintiff making such

request of such determination and the reasons therefore, and of

the right of such person to appeal to the head of the agency any

adverse determination. It is known that if such agency wishes

not to release such information the person or plaintiff must

file a complaint in the District Court of the United States in

the district in which the complainant resides, or has his

principle place of business, or in which the agency records are

situated, or in the District of Columbia, has jurisdiction to

enjoin the agency from withholding agency records and to order

the production of any agency records improperly withheld from

the complainant. In such case as this one the court shall

determine the matter de novo, and may examine the contents of

such agency records in camera to determine whether such records

or any part thereof shall be withheld under any of the

exemptions set forth in subsection (b) of the Freedom of

Information Act, and the burden is on the agency to sustain its

action.

## LI

The Plaintiff states and continues to admit in this court

that there is a very strange sign of fraud and withholding the

truth from the Plaintiff; therefore, the Plaintiff is fully

requesting such record sought for complete review, correction

and removal of defamatory records in this court of law.

## LII

The plaintiff is requesting to the court to order such

agency to release **all** the records to this court including

records to show that such claim submitted to the Department of

the Army show signs of any fraudulent activity to warrant a

criminal investigation to be conducted. **(2)** Provide the courts

with all power of attorney submitted to the Defendant when

filing such claim. **(3)** Provide the court with Criminal

Investigation Command's Investigation Reports and the date such

reports were started and completed and who completed such

reports as well as all other requested documents as stated on

pages 14-15 of this complaint.

## LIII

If such information cannot be provided to the courts

according to the Freedom of Information act then such courts

should label such investigation as fraudulent and hold such Department of the Army and the department's employees to be fully liable for the punitive damages. The courts will see that both have caused the Plaintiff and the Plaintiff's family a great deal of hardship. The Plaintiff is requesting to the courts to compel and remove the entire Plaintiff's personal information from such agency databases.

**LIV**

The Plaintiff informs the courts that upon the Plaintiff releasing the information to the Department of the Army. The Plaintiff surrender **all** information in good faith and professionally provided **all** the information requested in a timely manner and provided **all** support documents to the Plaintiff's retained attorney acting on behalf of the Plaintiff. Once again, all these documents will be provided to the court upon a motion to enter discovery.

**LV**

The Plaintiff's Freedom of Information request was submitted in a timely manner and such requests were intentionally denied and withheld due to many unknown reasons. Which is a violation of the law and is causing this civil lawsuit in the District Court of Columbia in the amount of **15,000,000.00** (fifteen million dollars) against such agency for

violation of the law under the Freedom of Information Act under § 5 U.S.C.A. § 552 and other law violations.

There is a strong possibility that this federal agency have provided false information that could be link to ongoing spread of false information to other federal investigation and agencies. Therefore, holding the Defendant to be in violation of many prohibit personnel practices under the United States Code 5 U.S.C. § 2302(b) (8), acts of slander violation under case law or other related cases of *Anigio-Medical Corp v. Eli Lily & Co.,* 720 F.Supp.269; *Roger Corp. v. Arlon, Inc.,* 855 F. Supp. 560; *Leavitt v. Cole, 17 Fla L. Weekly Fed. D71.;* U.C.A. 1953, 76-6-405, 76-6-1102 and *State v. Ross,* 951 P.2d 236, 241 (Utah Ct. App. 1997)

## LVI

The Plaintiff states, if such is confirmed through this court that such wrongful activity does exist in the agency records after the court review such record under the matter of *de novo.* Let the facts be known and confirmed that the Defendant (The Department of The Army's employee by the name of Allan T. Downen) intentionally, wrongfully, willfully, deliberately, maliciously, gave the Plaintiff's personal information to Criminal Investigation Command without proper documentation to request such investigation which ruined the Plaintiff's career over a minor claim of $500.00 or a larger dollar amount which

was also in dispute in the amount of $20,000.00. It is not yet confirmed if Mr. Allan T. Downen is behind the false claim of the Plaintiff trying to defraud the government of $20,000.00. After a court, judge or jury have examined all the facts requested and need to draw a conclusion to this complaint a court should award a summary judgment in whole in favor of the Plaintiff regardless.

## LVII

After the court's *de novo*, the Defendant should be held accountable for crimes of identity theft, identify fraud, theft by deception and deformation of character. (See statue: U.C.A. 1953, 76-6-405, 76-6-1102 and **State v. Ross, 951 P.2d 236, 241 (Utah Ct. App. 1997**)

## LVIII

The Plaintiff express to the courts as the court can see if the Plaintiff would have given the Defendant false information, as the Defendant so allegedly claim such actions will be a crime and punishable in any court of law. See case law or other related cases of: U.S. v. Baer, 274 F. Supp.2d 778 (E.D. Va. 2003)

## LIX

The burden of proof is for the court to administrative the law and for the Defendant to proven that such information does exist or does not exist in the Plaintiff's records, per

Plaintiff's requests as provided by the Department of the Army, professional investigators and administrative staff.

## LX

It has been confirmed at the time of this civil complaint has been filed within the District Court for the District of Columbia that Mr. Allan T. Downen the Chief, Claim Branch Manager is the responsible party for unethical conduct by making a false claims and initiating contact with the Army Crime Record Center without a written or approved order from a military courts or the Post Commander.  Evidence will show that Mr. Downen ignited a fraudulent investigation thereby, entering the plaintiff's personal information into a Army Crime Record Database and later giving false information that such does not exist and trying to cover up his intentional act conducted wrongfully, willfully, and intentionally.

## LXI

With the above statements stated in this complaint for the record and if this civil action cannot be settled out of court, the Plaintiff is asking for a civil trial before his peers (jury trial) revealing all the issues along with the **FACTS** requested and set forth in this case. The Plaintiff is requesting for a jury to rule base on the issues and facts provided in this compliant as of this date the compliant is filed and logged into United States District Court's system. The Plaintiff is aware

1 that both sides must agree to a jury trial for one to be

2 granted. The Plaintiff is consenting to a jury trial.

3

### LXII

4    The Plaintiff wishes to maintain and reserve rights to sell

5 story to the public if necessary.

6

### LXIII

7    As the court can see by the detail of event and activity as

8 stated in this complaint that all attempts to resolve this

9 matter or complaint have been exhausted. The burden of the proof

10 lies on the Defendant to prove *all* actions that developed into

11

12 *issues* and *allegations* are truthful on the record.

13

### LXIV

14    In the final outcome, it should show that Chief Claim

15 Director name Allan T. Downen intentionally, wrongfully and

16 deliberately contacted the Criminal Investigation Command with

17 malice intent to cause harm to the Plaintiff. It will show that

18 such person (Mr. Downen) provided forced upon whomever was in

19 the investigator's position to take the Plaintiff's personal and

20 private information and enter it into a national criminal

21 database. Therefore, labeling the Plaintiff as a criminal and

22 someone who cannot be trusted in their (the Defendant's) false

23 claims that the Plaintiff intentionally and maliciously tried to

24 defraud the United State Government out of $500.00 or

25 $20,000.00. When the Plaintiff departed the military with more

and paid an attorney with the same or more to resolve any issues there may be. What element of a crime is there? That shows on behalf of the Plaintiff, that the Plaintiff intentionally tried to trick, con or get over on the government? What facts can the Defendant provide to the courts or show a jury justifiable actions by the Defendant to justify the Defendant's stance. It is for the court and a jury to see the Defendant's facts to justify the Defendant's actions.

**LXV**

The Defendant's employees have not been reported to the Office of Special Counsel for internal disciplinary actions for their actions as of June 10th, 1994, the U.S. Attorney will have to report such staff members and deal with them accordingly.

**LXVI**

In closing, the Plaintiff wish to inform the Defendant that the Plaintiff is fully aware of when considering a motion for summary judgment, it is known that the court must examine **all** evidence in the light most favorable to the Plaintiff (nonmoving party). I (the Plaintiff) would advise the Defendant to consider case laws _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: _Anthony v. United_

*States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this case the nonmoving party (the Plaintiff) has expressed evidence by giving names, dates and key information that no one knows but the Defendant knows to support the Plaintiff's claim; The Plaintiff also have additional material evidence to justify the Plaintiff actions in filing this lawsuit. Therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the Defendant's Crime Insurance Policy must be provided by the Defendant (hereinafter the "Federal Policy", and therefore the Defendant has sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant caused this action or judgment upon itself (The Dept of the Army) *see* Fed. Rules Civ.Proc. Rule 17, 28 USCA and Defendant should have a complete understanding of Federal Regulation 111 ALR, Fed. 295, 18 U.S.C.A § 1001 (2)(15)(34) and The Freedom of Information Act 5 U.S.C. 552 and 5 U.S.C. 552a.

## LXVII

*They say in the end … Good will always triumph over Bad….*

End of Complaint:

Sam L. Clemmons, Plaintiff Pro Se
548 Saint Charles Place
Brookhaven, MS 39601


**CC:** www.usps.com for tracking purposes
United States Attorney General
**Express Mail #: ED 973870651 US**
U.S. Attorney
**Express Mail #: ED 973870648 US**
Department of the Army, Attn: General Counsel
**Express Mail #: ED 973870665 US**
Department of the Army, Attn: Allan T. Downen
**Express Mail #: ED 973870679 US**
Law Office of Leeds, Morelli & Brown;
**Express Mail #: EQ 242463319 US**
The Rainbow Push Collation
**Express Mail #: EQ 242463296 US**
The NAACP Chapter for the District of Columbia
**Express Mail #: EQ 242463305 US**
Mary L. Lee, Paralegal;
**Certified Mail #: 7005 0390 0002 2211 2578**
George Tillman, Paralegal
**Express Mail #: EQ 241268295 US**
United State District Court for the District of Columbia;
**Express Mail #: EQ 242464022 US**
Records