UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 1:06-CV-0510 (RCL) |
| THE UNITED STATES DEPARTMENT OF THE ARMY | ) |
|       Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO CONSOLIDATE

Defendant hereby moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or in the alternative to consolidate under Rule 42(a) of the Federal Rules of Civil Procedure on the grounds that the above captioned Civil Action and a related civil action also pending before this Court are identical in all material aspects. The Related Action is 1:05-CV-2353 (RCL). In both the instant and Related Action, Plaintiff's complaints allege the same causes of action and each Complaint seeks the same remedies. Both actions arise from the same facts, include the same parties, and raise the same legal issues.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
RUDOLPH C. CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

                                                KEVIN ROBITAILLE
                                                Special Assistant United States Attorney
                                                Civil Division
                                                555 Fourth St., N.W.
                                                Washington, D.C. 20530
                                                202-353-9895

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-CV-0510 (RCL) |
| ) | |
| THE UNITED STATES ) | |
| DEPARTMENT OF THE ARMY ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO CONSOLIDATE

Defendant files this Memorandum in support of its Motion to Dismiss or Consolidate Plaintiff's instant civil action with Plaintiff's previously filed, pending and related civil action, No. 1:05-CV-2353 (RCL).

## I. INTRODUCTION

In a complaint filed March 16, 2006 and in an apparently identical amended complaint filed August 1, 2006, Plaintiff brought suit seeking, *inter alia*, "correction of the record" by removal of allegedly incorrect information from various U.S. Army databases and "$15,000,000.00 (fifteen million dollars) for punitive damages." Plaintiff's Complaint ¶¶ XX-XXI (*hereinafter*, Pl. Compl.).  The Plaintiff also alleges violations of the Freedom of Information Act, 5 U.S.C. § 552 (*hereinfter* FOIA).

As in the Related Action, No. 1:05-CV-2353, (*hereinafter* Related Action), the Plaintiff's current complaint along with the administrative record can be distilled into three causes of action: one, an alleged violation of the Privacy Act, 5 U.S.C. 552a <u>et seq</u>., in that the Army

Crime Records Center (ACRC) failed to amend a U.S. Army Criminal Investigation Command (CID) report of investigation (ROI) which lists Plaintiff as the subject of a 1994 ROI for fraud; two, that such entry of Plaintiff's name as a subject of a criminal investigation amounted to tortious conduct; and three under the FOIA, that ACRC has improperly withheld the criminal investigation which names the plaintiff as a subject.

Plaintiff's instant Complaint does not include parties different from the Related Action; the Plaintiff's Complaint and the Related Action are distilled into the same three causes of action and Plaintiff's Complaint does not allege facts and circumstances that differ from those that gave rise to the Related Case.  Plaintiff's recent Complaint includes greater detail than his original complaint, but these details, too, are addressed in the Related Action, especially in the Defendant's Motion to Dismiss in Part and Motion for Summary Judgment in Part. Dkt entry 7, No. 1:05-CV-2353 (RCL).

## II.  ARGUMENT

**A. Plaintiff's Claims Should be Dismissed Under the First-Filed Rule**

When a Plaintiff files two identical suits the second should be dismissed.  "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005), citing United States Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488 (8th Cir. 1990) (describing the first-filed rule as "well-established"); Church of Scientology of Cal. v. United States Dep't of Defense, 611 F.2d 738, 750 (9th Cir. 1979) (noting that the first-filed rule "should not be disregarded lightly").  While usually applied to separate Federal Courts, the first-filed rule

would appear to be even more appropriate where two identical actions are filed in the same Court. As described below, the two actions involve the same issues and the same parties.

If not dismissed, these two related actions should be consolidated. Related, pending actions may be consolidated when "involving a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidating related actions serves to "avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a).

**B. Standard for Consolidation.**

Fed. R. Civ. P. 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

"'The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court...' When determining whether to exercise such discretion, 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice." American Postal Workers Union v. U. S. Postal Service, 422, F. Supp. 2d 240, 245 (2006)(internal citations omitted).

**C. The Plaintiff's Stated Causes of Action are the Same.**

In the first action before this court arising from this set of facts, Plaintiff alleges "deformation [sic] of character, identity theft and identity fraud..." by entering "the plaintiff's personal information in a United State (sic) Government's criminal database...", Related Action Plaintiff's Complaint ¶¶1, 5 (*hereinafter* Related Action Pl. Compl.) and in the second, instant action Plaintiff alleges that "it has been confirmed that Mr. Downen has committed identity theft,

identity fraud and theft by deception by providing the Army Criminal Investigation Command Center the Plaintiff's personal information..." Pl. Compl. ¶ I.

As stated above, a fair distillation of Plaintiff's Complaint leads to three causes of action: a Privacy Act amendment action, an action in tort, and an action under the FOIA, just as the Defendant asserted in the Related Action.  DEX 1.

### D.  The Facts in Both Actions are the Same.

The Plaintiff does not deviate from the same alleged facts in either of Plaintiff's complaints.  "The FACTS of this information was discovered and revealed under a United States Government 'federal' investigation document dated June of the year 2000 that was officially released to the plaintiff for review on August 5, 2005."  Related Action Pl. Compl. ¶5.  In the instant action, Plaintiff describes the facts, beginning with a 1994 disputed claim for furniture damaged in a move from Germany, Pl. Compl. ¶¶ II-VIII, and Plaintiff concludes his recitation of the underlying facts, as in the Related Action, with his discovery of a letter in 2005 that revealed a 'federal' investigation conducted in June the year of 2000.  Pl. Compl. ¶¶ XVI-XVII.

### E.  The Parties to Both Actions are the Same.

The Plaintiff, though referring to various agencies, has brought suit against the same parties in both actions.  The proper party defendant in a suit under the FOIA is the agency.  5 U.S.C. § 552(a)(4)(B) (granting federal district courts jurisdiction over the agency), 5 U.S.C. § 552(f) (defining agency).  Any action under the Privacy Act is also against the agency. 5 U.S.C. § 552a(g)(1)(D).  The Plaintiff alleges the same tortious conduct, which is fairly construed as defamation in both actions, but names an individual within the agency in the instant action.  Pl. Compl. ¶ I.  The Federal Tort Claims Act provides the exclusive remedy against the United

4

States when an employee is acting in an official capacity and within the scope of his employment. 28 U.S.C. §§ 2679(b), (c), (d).

Although Plaintiff has neither served the individual Allan T. Downen, nor named him as a defendant, it is unclear whether Plaintiff is attempting to sue Mr. Downen in his personal or official capacity. Rudolph Contreras, Civil Division Chief, for the United States Attorney's Office for the District of Columbia, pursuant to his delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that Allan T. Downen was acting within the scope of his office or employment at the time of the alleged incident. Thus, even if Plaintiff were attempting to sue Mr. Downen personally, the suit would properly be against the United States.

### F. The Parties Will Suffer Neither Prejudice nor Confusion.

The risk of confusion and prejudice if the actions are consolidated is low. Both actions involve the same facts, parties, and legal issues.

### III. CONCLUSION

It is not in the interest of judicial economy to have two identical cases proceed before this Court. This action should be dismissed under the first-filed rule or, in the alternative, consolidated with the earlier filed action.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
RUDOLPH C. CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney



_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 353-9895