UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAM L. CLEMMONS<br>PLAINTIFF | )<br>)<br>) | CIVIL ACTION NO:<br><br>**1:06CV00510 (RCL)** |
| vs. | )<br>)<br>) | |
| DEPARTMENT OF THE ARMY<br>DEFENDANT | )<br>)<br>)<br>)<br>) | **RECEIVED**<br><br>OCT 3 – 2006<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## PLAINTIFF'S 2nd OPPOSITION AGAINST DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO CONSOLIDATE AFTER SUBMITTING BEFORE THE COURT THE PLAINTIFF'S 2ND MOTION REQUESTS TO ENTER DEFAULT BY THE OFFICE OF THE CLERK OF THE COURT AGAINST SUCH DEFENDANTS

Comes now the Plaintiff after filing his **3rd MOTION REQUEST** to Enter Default against the Defendants (Department of Army and it's federal employees) for failing to comply with the court's instructions in providing an answer to the complaint which was served on such agency by summons by express mail delivery before 5:00 p.m. eastern standard time on May 2nd and July 6, 2005 giving the Defendants **121 days** and **61 days** according to the time clock of business to submit their responses against the complaint to the court before the court's close of business which is 5:00 p.m. eastern standard time.

Any entry after such time of 5:00 p.m. on the date such response is due before the court should place the Defendant(s) in default. If such is not postmarked with the United States Postal Service confirming appropriate stamp and not by personal or private meter stamp back dating such delivery date. Such entry before the court should be presented by means of certified mail delivery showing an Affidavit of Service showing proof of response by means of timely delivery.

In the Defendant's counsel response to the Plaintiff's opposition the Defendant's counsel stated and express that a government agency precludes entry of default judgment against the United States or any agency thereof, unless the claimant establishes a right to relief by evidence satisfactory to the Court. The Plaintiff's response to such statement is that the Plaintiff did submit satisfactory evidence to the court showing that the Defendants were properly served and that the Defendants failed to response before the closing of court's business. Its falls on the Defendant's counsel who filed such response after the Plaintiff entered his request for relief by default before the closing of the court's business on such date and such entry should have been properly filed by the clerk honoring such submission on behalf of the Plaintiff.

Therefore, such false statement made by the Defendant's counsel should not hold any merit what so ever. The Plaintiff can clearly prove to the court that others have been placed in default due to their tardiness and untimely filing disobeying the court's instructions that were specific provided to the individuals that were properly served with the summons and complaint. The default entry should be sustained unless the Defendant's counsel can show and express good cause why such default should not be placed against the Defendants and the Department of the Army or provide to this honorable court documentation to be used in it's exhibits to move forth in this court for a complete jury trial to defend their actions which bring them or us before this honorable court arguing and entering unnecessary pleading. The Defendants should not be treated any difference from any one else who has failed to response to the summons and complaint served upon them in a timely manner. The Defendant's counsel put on his pants just like everyone else…one leg at a time why should he be treated any difference from others who failed to response on time?

With the above paragraphs stated for the record. In addition to such paragraphs the Defendant's counsel has failed to provide the court with good cause to show understanding of tardiness in filing an untimely response before this honorable court.

Sam L. Clemmons v. Dept of Army Office of the General Counsel, Washington, DC 20310-0104, **CIVIL ACTION NO: 1:06CV00510 (RCL)**

The Defendant's counsel has failed to response according to the court's instructions according to LCvR 40.5(b)(2) of this court as specific instructed to the Defendant to serve upon the Plaintiff and file with their first response pleading or motion any objection the Defendants related to case designation.

The Defendant's counsel has failed to establish good cause to grant such dismissal and the Defendant's counsel has failed to establish good cause shown to have this matter or case before the court to be consolidate with another fraudulent case pending in this court which is case number 1:05-CV-2353 (RCL).

The Defendant's counsel has still failed to response to this honorable court under the Freedom of Information Act laws and guidelines giving such government agency where records are sought 20 working days excluding Saturday and Sunday to response and release the complete records sought which now places such agency further in default to argue or request for alternatives in this lawsuit.

If the Defendant's counsel wishes now to move forth for a jury trial then such counsel should express such instead of requesting such case to be dismissed without good cause that he has failed to establish in the above paragraphs.

The Plaintiff expresses when you are late you are late there is no way anyone can change or turn back the clock of time. The court closes or business cease at 5:00 p.m. and not 5:15 p.m. without an enlargement of time to response is granted. The law is the law and no man or woman is above the law or no one should be allowed to be different above anyone else. If such is allowed then we have prejudice that exist in the society that we live. Regardless in the outcome of this somebody has to lose and I (the Plaintiff) personally feeling deep down inside I'm not losing and I never did any wrongdoing nor did I provoke anyone or became insubordinate to anyone to cause us to be here arguing something unnecessary and continuing wasting taxpayers dollars.

This whole process that is going on today in this courtroom builds character. All the Defendants including the Plaintiff should be presenting their characters before the court in honoring and respecting the court's instructions and ignorance of the law should not cause anyone to be exempt from wrongdoing or negligence of the law.

This complaint is against the Department of the Army that targets the illegal actions or activities of Allan T. Downen and such individuals that were named out in the initial complaint for their illegal actions and activities. The Plaintiff expresses that no individual names concerning the Army Crime Record Center were ever mention in the initial complaint. Therefore making this case before the court once again expressed and stated to be separate but equal.

The Defendant (Allan T. Downen) was served properly on May 2nd, 2006 at 14:43 p.m. and failed to respect this honorable court to submit his personal response against such lawsuit against the Department of the Army. Therefore, placing him and the Department of the Army in default and making such complaint to stand-alone but separately away from case # 1:05-CV-2353 (RCL). Once again, case number 1:05-CV-2353 (RCL) is a case were FRAUD has been revealed and proven making this case before the court to be label as FRAUD as well. Due to the facts that both cases shows conspiracy which should not be exempted or be use as a scapegoat as stating that both were representing the best interests of United States of America as a whole and not the Department of the Army or the Army Crime Record Center.

If the Defendant's counsel is stating and expressing that the United States will take the full and total responsibilities for these damages and wishes to consolidate both cases together. Making the award for damages done by two but separate individual agencies without revealing the complete fraudulent investigation reports revealing the true name and identity of those people or persons totally responsible for these crimes against the Plaintiff. Then the award amount should be increase and set at $30,000,000.00 (thirty million dollars) and to go before a jury trial as instructed by the court.

Sam L. Clemmons v. Dept of Army Office of the General Counsel, Washington, DC 20310-0104, **CIVIL ACTION NO: 1:06CV00510 (RCL)**

If the Defendant's counsel refuse to accept such proposal then the case should remain as it is to move forth with a jury trial for the Defendant and the Defendant's counsel to justify their actions bring them and the Plaintiff into this honorable court. The Plaintiff expresses to the Defendant's counsel that one day either you're going to have to give into the wrongdoing and settle this case or you're going to have grant me a jury trial clearing my name completely in this fraudulent conduct before this court. One day this case is going to have to come to an end and that end depends on exactly how the Defendant's counsel is going to dispose this case.

If the Defendant's counsel is not proposing a jury trial then this case should be close with a judgment in whole requesting full relief in the amount of $15,000,000.00 (fifteen million dollars) for violation of the Freedom of Information Act and other torts as expressed in the complaint.

Once again, the Defendants' Exhibits in case number 1:05-CV-2353 (RCL) should be able to support this case by the Defendants if needed when presenting this case before a jury trial as directed and ordered by this honorable court. Such Exhibits should not be black out leaving out specific but important people the Defendants wishes to use as witnesses. If such Exhibits are blacken out leaving out names, business address of these witnesses then such Defendant's Exhibits entries should not be acceptable due to failures to disclosure the whole truth before this honorable court. Such cases should stand on their own merits to receive a summary judgment by default without a trial before the court or a summary judgment in whole but in favor of the Plaintiff without any prejudice on either party.

Meanwhile, the Defendant's counsel requesting this case before this court to be dismissed or in the alternative to consolidate should be without an option should be denied.

The Plaintiff's leave the ruling on the proper disposal of the Defendant's counsel in the hands of the presiding judge; the Plaintiff has proof of wrongdoing by the Defendants. It's now up to the Defendant's counsel to accept or face reality to settle this case with the language

Sam L. Clemmons v. Dept of Army Office of the General Counsel, Washington, DC 20310-0104, **CIVIL ACTION NO: 1:06CV00510 (RCL)**

expressed in the initial complaint and the Plaintiff's Motion Request or move forth for a jury trial as instructed by the court.

As mention before, we have two separate but independent agencies that stand alone and their actions are separateable. Both are independently responsible for committing separate crimes and both are responsible for their own individual Federal Tort Damages claims that should be paid through this honorable court within <u>20 days</u> after the honorable judge render a decision and has close such case.

As mention before, the Plaintiff expresses to this honorable court in getting the court to see that it's amazing for one to see that such person as Allan T. Downen can pick up the phone and call the Army Crime Record Center (CID) to falsely report a crime and illegally provide such agency the Plaintiff's personal information without the Plaintiff's knowledge or consent. The Defendant cannot do the same in picking up the phone to call the U.S. Attorney's Office to further advise about this complaint as he was properly served and did received such complaint by Express Mail Delivery expressing urgency to response placing self in default and jeopardizing such agency to be in default; therefore, now causing the Defendant's counsel to seek other means and excuses to submit before this court requesting such case to be dismissed or in the alternative to consolidate. The Plaintiff requests no leniency or mercy should be given or granted to the Defendants in this lawsuit.

Mr. Allan T. Downen was legally but properly served by the United States Postal Service and such Government Agency (U.S. Postal Service) advised the Plaintiff that the subject seeking to be served upon had changed office location on the post of Fort Gordon, Georgia and that such attempt to serve him legally but properly will be forward to his new location on such post of Fort Gordon, Georgia. On such date the Express Mail was delivered and signed by such staff person and such staff person either open or saw such court papers expressing summons in a civil case. We know this person did not dispose of this government business and refused to delivery such

papers to such person name appeared in such summons. Therefore, The Defendant's Counsel argument should not hold any merit or change any argument by the Plaintiff but it should shed light upon this court that the Defendant's counsel is not being truthful and is not legally correct and therefore all his pleas before this court should be denied and we should either move forth with a summary judgment by default even though the Defendant's Counsel did response to the complaint after the court's close of business and after the Office of the Clerk business hours to accept such filing as timely or we should move forth with a summary judgment in whole but in favor of the Plaintiff since it appears by the Defendant's counsel responses that he wishes not to move forth with a jury trial as demanded by the court.

If the Defendant's counsel is saying that Allan T. Downen was not properly served. Is he too saying that the Department of the Army, Office of the General Counsel at 104 Army Pentagon, Washington, DC 20310 was not properly served with the United State Postal Service tracking number of **ED 973870665 US**? Is he too saying the U.S. Attorney General (DOJ) at 950 Pennsylvania, Ave, NW, Washington, DC 20530 as well as himself was not properly served. If so, something is not right here and therefore the judge should make the call to deny the Defendant's counsel requests before this honorable court and see that Defendant's counsel statement concerning filing his response in a timely manner is also signs of deceit. Anyone can clearly see that the Defendant's counsel and the Department of the Army General Counsel had well over enough time to contact the Defendant (Allan T. Downen). They could have still entered his response after seeing that such person is in default. They could have submitted a response on behalf of Allan T. Downen under a sworn declaration.

It's a little confusing to understand the Defendant's counsel standpoint on being properly served. Is the Defendant's counsel is proposing that the Defendant (Allan T. Downen) should have been served through the Post Commander of the Post of Fort Gordon, Georgia to be

properly served as the Plaintiff had served the Defendant before, before filing this civil lawsuit for damage recover?

The Plaintiff sees no different in what the Post Commander would have done if the Post Commander was served with the summons and complaint for the Defendant (Allan T. Downen) than what the person who signed for the summons and complaint. We know that such person did give the Defendant (Allan T. Downen) such summons and complaint, which clearly reflected his name to response to this honorable court. It was the Defendant (Allan T. Downen) who chooses to disrespect this court's instructions which bring us to this point or arguing the default ruling or continue to move forth for a jury trial as instructed and ordered by the court.

As mention before in the pervious Plaintiff's motion requests, the Plaintiff express to the court that all the Defendant's counsel motions should be denied and this case before the court should be either in complete default or the Defendant's counsel should be preparing to present such case before a jury trial alone with the attached exhibits provided by the Plaintiff in the Plaintiff's Motion Requests to Enter Discovery showing this honorable court that the Defendants committed FRAUD in their actions before this court and such elements of deceit does not stand up in anyone favor in any court of law after such deceit has been discovered and presented in the courts.

The Plaintiff awaits for the court movements or place actions against the Defendants' negligence actions, which should not be exempt or make their actions to be above and beyond the laws of true justice.

The Plaintiff will await the Defendant's counsel Motion Request to Enter Discovery prior to submitting the Plaintiff's Motion Request to Enter Discovery for sole purpose of a jury trial.

For the record, the Plaintiff does wish to reveal that the Plaintiff's appeal rights under the Freedom of Information Act were denied resulting in this full lawsuit against the <u>Department of</u>

the Army. The Defendant's <u>20 days</u> window to honor such request in the United States District Court is still in question and is now in complete violation of the law.

Mr. Allan Downen has not been confirmed of anything the Plaintiff expressed before the court. Mr. Allan Downen is highly a suspect in triggering these events that we are arguing in this court today by means of other language in communication provided to the Plaintiff by other competence people or person within the Department of the Army. Once the Defendants in case number 1:05-CV-2353 (RCL) has released certified true documents without black outs and if Mr. Allan Downen names appears as most likely it will appear then such statement presented and made by me (the Plaintiff) in the amended complaint will be confirmed.

In case number 1:05-CV-2353 (RCL) the Defendants confirmed and expressed that the Plaintiff was investigated outside it's jurisdiction for <u>serious crimes</u> that the Defendant's counsel cannot provide the court with certified true documents showing or acknowledging the Plaintiff's signature nor any documentation showing that the Plaintiff's rights according to the Miranda v. Arizona (Miranda Warning) was read or showing understanding and consenting to by the Plaintiff to justify their actions or their claims to this the Plaintiff as a subject in any investigation.

If the Defendants and the Defendant's counsel still wish not to disclose the truth through certified true documentation then the court should see and rule on the deceit factor. Both cases pending in this court should be closed immediately with a summary judgment in whole but in favor of the Plaintiff.

The Plaintiff will wait <u>10 days</u> before submitting his Motion Request to Enter Discovery that may not be the same document submitted in the case linked to this case as expressed by the Defendant's counsel.

Respectfully Submitted,

Sam L. Clemmons
Plaintiff, *Pro Se*

**See Attachments:**

1. Plaintiff's Proposed Order Requests

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS ) | CIVIL ACTION NO: |
| Plaintiff ) | |
| ) | **1:06CV00510 (RCL)** |
| vs. ) | |
| ) | |
| DEPARTMENT OF ARMY ) | |
| Defendants ) | |

## ORDER

Upon consideration of the Plaintiff's Motion requests to deny the Defendant's Motion requests after being served properly by the Plaintiff. The Defendants have failed to properly submit a response in a timely manner before the close of court's business on <u>July 3rd, 2006</u> and <u>September 5th, 2006 by 5:00 p.m.</u> eastern standard time. The court finds the Defendants to be in DEFAULT on two separate occasions.

After the Plaintiff has entered his Motion Request to Enter Discovery, I find it best suitable to render the Plaintiff a Summary Judgment by Default or Summary Judgment in whole but in favor of the Plaintiff after the Plaintiff has entered confirmed facts against the Defendants showing acts of negligence and wrongdoing.

The Plaintiff has demonstrated good cause shown by means of timely responses and proper service upon the Defendants.

IT IS HEREBY ORDERED that any of the Defendants' Motion Requests to dismiss will be DENIED. The Plaintiff's Motion Requests to move forth for Summary Judgment by DEFAULT, Summary Judgment in whole but in favor of the Plaintiff or a jury trial as demanded by this court is GRANTED.

SO ORDERED this _____ day of _____ 2006

Honorable Royce C. Lamberth
United States District Court Judge

Copies to:

Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601

Kevin K. Robitaille
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS ) | CIVIL ACTION NO: |
| Plaintiff ) | |
| ) | **1:06CV00510 (RCL)** |
| vs. ) | |
| ) | |
| DEPARTMENT OF ARMY ) | |
| Defendants ) | |

### ORDER

Upon consideration of the Plaintiff's **3rd Motion Request**, I find that good cause has been proven and provided to the court by the Plaintiff to ORDER the Defendant to settle this case matter before the court.

I HEREBY ORDER THE Defendant's counsel to submit his Exhibits under his Motion Request to move forth to enter Discovery so that a trial date can be set according to the court's instructions demanding a jury trial to close this case.

I HEREBY ORDER THE Defendant's counsel to submit his discovery within 10 days following this ORDER.

If the Defendant's counsel failed to honor these instructions then after the Plaintiff has entered his Motion Request to Enter Discovery, I will find it best suitable to render the Plaintiff a Summary Judgment by Default or Summary Judgment in whole but in favor of the Plaintiff. After the Plaintiff has entered confirmed facts against the Defendants showing acts of negligence and wrongdoing.

IT IS HEREBY ORDERED that any of the Defendants' Motion Requests to dismiss will be DENIED. The Plaintiff's Motion Requests to move forth for Summary Judgment by DEFAULT, Summary Judgment in whole but in favor of the Plaintiff or a jury trial as demanded by this court is GRANTED.

SO ORDERED this _____ day of_____ 2006

                                                                 Honorable Royce C. Lamberth
                                                                 United States District Court Judge

**Copies to:**

Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601

Kevin K. Robitaille
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October 2006, a true copy of the **PLAINTIFF'S 2nd OPPOSITION AGAINST DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO CONSOLIDATE AFTER SUBMITTING BEFORE THE COURT THE PLAINTIFF'S 2ND MOTION REQUESTS TO ENTER DEFAULT BY THE OFFICE OF THE CLERK OF THE COURT AGAINST SUCH DEFENDANTS** was served by regular mail concerning case # 1:06CV00510 (RCL).

To: Defendant's Counsel

Kevin K. Robitaille
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

And


District Court for the District of Columbia
**Attn: Office of the Clerk &
Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001


Sam L. Clemmons, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601