UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-CV-0510 (RCL) |
| ) | |
| THE UNITED STATES ) | |
| DEPARTMENT OF THE ARMY ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S 3rd**
**MOTION FOR DEFAULT JUDGMENT**

On October 3rd, 2006, Plaintiff filed a document entitled "Plaintiff's 2nd Opposition to Defendant's Motion to Dismiss or in the Alternative to Consolidate After Submitting Before the Court the Plaintiff's 2nd Motion Requests (sic) to Enter Default By the Office of the Clerk of the Court Against Such Defendants (sic)." The document is listed as both an opposition to Defendant's Motion to Dismiss or in the Alternative to Consolidate (Docket 17) and as a motion for Default (Docket 18). As there is no provision in the local rules or Federal Rules of Civil Procedure for the filing of a 2nd opposition, the Court should not consider the document in regards to Defendant's motion.

As a Motion for Default, Plaintiff's pleading is utterly meritless. Plaintiff again alleges a failure on the part of defendant to timely file an answer or dispositive motion. However, the government filed a Motion to Dismiss or in the Alternative to Consolidate on September 5, 2006, docket entry 7.[1] This motion was timely filed sixty days from service upon the government. See

---

[1] The undersigned inadvertently filed it as a Motion to Dismiss or to Transfer. The Motion does not request transfer. We apologize to the Court and Plaintiff for any confusion.

docket entry 4. Consequently, defendant's obligation to file an answer is stayed by operation of Fed. R. Civ. P. 12(a)(4). Additionally, Fed. R. Civ. Pro. 55(e) precludes entry of default judgment against the United States or any agency thereof, unless the claimant establishes a right to relief by evidence satisfactory to the Court. Plaintiff has not shown a right to any relief.

Plaintiff again makes reference to an individual employee defendant. While Plaintiff alleges that he served this individual, he has not named him as a defendant and no summons was issued for the individual. See Docket Entry for March 16, 2006 (indicating summons for Department of The Army, U.S. Attorney and U.S. Attorney General). The only properly named and served defendant in this action, the Department of the Army,[2] has timely replied to the complaint.

Wherefor, defendant respectfully requests that Plaintiff's motion be denied.

Respectfully submitted,

/s
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s
RUDOLPH C. CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

---

[2] To the extent Plaintiff raises claims under the Federal Tort Claims Act, the proper defendant is the United States.

                                                /s
_____
KEVIN ROBITAILLE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895