UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS ) <br> PLAINTIFF ) <br> ) <br> ) <br> vs. ) <br> ) <br> DEPARTMENT OF THE ARMY ) <br> DEFENDANT ) <br> ) <br> ) <br> ) | CIVIL ACTION NO: <br> <u>1:06CV00510 (RCL)</u> <br><br> **RECEIVED** <br> NOV 2 2 2006 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

## <u>PLAINTIFF'S 3rd OPPOSITION AGAINST DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO CONSOLIDATE AFTER SUBMITTING BEFORE THE COURT THE PLAINTIFF'S 3rd MOTION REQUESTS TO ENTER DEFAULT BY THE OFFICE OF THE CLERK OF THE COURT AGAINST SUCH DEFENDANTS</u>

Comes now the Plaintiff after filing his 4th **MOTION REQUEST** to Enter Default against the Defendants (Department of Army and its federal employees) accordingly to the Plaintiff's 3rd Opposition Motion Request before this honorable court, the Defendants and the Defendant's Counsel is trying to stall for time after knowing that all parties were properly served including Allen T. Downen, the federal employee whom the Defendant's Counsel is trying to hide and protect but cannot hide from the communication the Plaintiff adds to the record in the Exhibits attached justifying great cause why such requests by the Defendant's Counsel should be denied.

The Defendant's Counsel has failed to understand that this case is assigned for a jury trial as instructed by this honorable court.

The Defendant's Counsel has failed to justify and established good cause shown why such case should be dismissed.



1   The Defendant's Counsel has failed to establish any argument to establish just cause to
2   warrant denial of default even though the Defendant's Counsel responded after the due date for
3   responding to the Summons and Complaint served properly upon all four Defendants as proven
4   proper service was administrated upon the Defendants.
5   Evidence showing the Defendant's Counsel untimely filing will be provided in the
6   Plaintiff's Motion Request to Enter Discovery to show good cause why such Defendant should
7   be in default.
8   The Plaintiff is now prepared and ready to proceed forth with a trial as approved and
9   granted by this honorable court as stated and stamped in the Court's Summons served upon all
10  four Defendants not three as expressed by the Defendant's Counsel in the Defendant's Counsel
11  last communication before this honorable court requesting a third dismissal. See Exhibit # 1
12  attached for the record.
13  The Defendant's Counsel Tactics for stalling for time should be exhausted. The
14  Defendant's Counsel has to realize that one day the Defendant's Counsel has to release its
15  certified true copies of Exhibits to be provided for the record in their counter claim or justify
16  good cause for dismissal and to truthfully defend this lawsuit in this honorable court. In return
17  the Plaintiff will counter attack and enter all the Plaintiff's documents to be revealed to the Court
18  and a Jury prior to a set jury trial date.
19  As the Court and the Jury can see by the Defendant's Counsel last communication stating
20  that the Plaintiff has not named the federal employee as the Defendant but such person was
21  representing the Department of the Army at the time of his intentional action and was clearly
22  name and issued an individual summons to be served but still has failed to appear to explain his
23  (federal employee) action in this lawsuit against the Department of the Army now the
24  Defendant's Counsel wish to claim the United States.
25

Sam L. Clemmons v. Dept of Army Office of the General Counsel, Washington, DC 20310-0104, **CIVIL ACTION NO: 1:06CV00510 (RCL)**



The Plaintiff respectfully request that the Defendant's Counsel requests be denied and to move this case forward for a Jury trail as stamped by this honorable court with the Defendant's Counsel releasing the proper certified true documents the Defendant's Counsel wishes to use as his evidence in a jury trial setting before this honorable court.

In the Defendant's Counsel response to the Plaintiff's opposition the Defendant's Counsel stated and express that a government agency precludes entry of default judgment against the United States or any agency thereof, unless the claimant establishes a right to relief by evidence satisfactory to the Court. The Plaintiff's response to such statement is that the Plaintiff did submit satisfactory evidence to the court showing that the Defendants were properly served and that the Defendants failed to response before the closing of court's business. Its falls on the Defendant's Counsel who filed such response after the Plaintiff entered his request for relief by default before the closing of the court's business on such date and such entry should have been properly filed by the clerk honoring such submission on behalf of the Plaintiff.

Therefore, such false statement made by the Defendant's Counsel should not hold any merit what so ever. The Plaintiff can clearly prove to the court that others have been placed in default due to their tardiness and untimely filing by disobeying the court's instructions that were specific provided to the individuals that were properly served with the summons and complaint. The default entry should be sustained unless the Defendant's Counsel can show and express good cause why such default should not be placed against the Defendants and the Department of the Army or provide to this honorable court documentation to be used in their exhibits to move forth in this court for a complete jury trial to defend their actions which bring them or us before this honorable court arguing and entering unnecessary pleading. The Defendants should not be treated any difference from any one else who has failed to response to the summons and complaint served upon them in a timely manner. The Defendant's Counsel put on his pants just

Sam L. Clemmons v. Dept of Army Office of the General Counsel, Washington, DC 20310-0104, **CIVIL ACTION NO: 1:06CV00510 (RCL)**



like everyone else...one leg at a time why should he (the Defendant's Counsel) be treated any difference from others who failed to response on time?

Once again with the above paragraphs stated for the record. In addition to such paragraphs the Defendant's Counsel has failed to provide the court with good cause to show understanding of tardiness in filing an untimely response before this honorable court placing such Defendants in default. The Defendant's Counsel must show good cause before a Jury why such default should not be sustained before this honorable court.

The rules of the court so clearly states differently see.... Civ.R. 55(b).

The Plaintiff will now submit the Plaintiff's Motion Request to Enter Discovery against the Defendant's Counsel 3rd request for to dismiss without good cause shown.

The Plaintiff now submit such Exhibits for the record showing such honorable court that such case should not be dismissed and such case should be move forth for a Jury trial or Summary Judgment by default to close this case without wasting any more government funds.

Respectfully Submitted,

Sam L. Clemmons
Plaintiff, *Pro Se*

**See Attachments:**

1. Plaintiff's Proposed Order Requests

Sam L. Clemmons v. Dept of Army Office of the General Counsel, Washington, DC 20310-0104, **CIVIL ACTION NO: 1:06CV00510 (RCL)**