UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, )<br>)<br>         Plaintiff, )<br>)<br>    v. )<br>)<br>THE UNITED STATES )<br>DEPARTMENT OF THE ARMY )<br>)<br>         Defendant. )<br>                              ) | Civil Action No. 1:06-CV-0510 (RCL) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S 3rd
MOTION FOR DEFAULT JUDGMENT**

On November 22, 2006, Plaintiff filed a document entitled "Plaintiff's 3rd Opposition to Defendant's Motion to Dismiss or in the Alternative to Consolidate After Submitting Before the Court the Plaintiff's 3rd Motion Requests (sic) to Enter Default By the Office of the Clerk of the Court Against Such Defendants (sic)." The document is listed as both an opposition to Defendant's Motion to Dismiss or in the Alternative to Consolidate (Docket 21), a motion for Default (Docket 22) and a Motion to Enter Discovery or Motion for Jury Trial (Docket 23). As there is no provision in the local rules or Federal Rules of Civil Procedure for the filing of a 3rd opposition, the Court should not consider the document in regards to Defendant's motion.

As a Motion for Default, Plaintiff's pleading is utterly meritless. Plaintiff again alleges a failure on the part of defendant to timely file an answer or dispositive motion. However, the government filed a Motion to Dismiss or in the Alternative to Consolidate on September 5, 2006, docket entry 7.[1]  This motion was timely filed sixty days from service upon the government.  See

---

[1] The undersigned inadvertently filed it as a Motion to Dismiss or to Transfer. The Motion does not request transfer. We apologize to the Court and Plaintiff for any confusion.

docket entry 4. Consequently, defendant's obligation to file an answer is stayed by operation of Fed. R. Civ. P. 12(a)(4). Additionally, Fed. R. Civ. Pro. 55(e) precludes entry of default judgment against the United States or any agency thereof, unless the claimant establishes a right to relief by evidence satisfactory to the Court. Plaintiff has not shown a right to any relief.

Plaintiff again makes reference to an individual employee defendant. While Plaintiff alleges that he served this individual, he has not named him as a defendant and no summons was issued for the individual. See Docket Entry for March 16, 2006 (indicating summons for Department of The Army, U.S. Attorney and U.S. Attorney General). The only properly named and served defendant in this action, the Department of the Army,[2] has timely replied to the complaint.

Wherefor, defendant respectfully requests that Plaintiff's motion be denied.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s_____
RUDOLPH C. CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____/s_____
STEVEN M. RANIERI

---

[2] To the extent Plaintiff raises claims under the Federal Tort Claims Act, the proper defendant is the United States.

Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895