UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS,            )<br>                             )<br>     Plaintiff,            )<br>                             )<br>     v.                      )      Civil Action No. 1:06-CV-0510 (RCL)<br>                             )<br>THE UNITED STATES            )<br>DEPARTMENT OF THE ARMY       )<br>                             )<br>     Defendant.              )<br>_____) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY AND DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY DISCOVERY

**I. Introduction**

On January 29, 2007, Plaintiff, *pro se*, filed a document entitled "Plaintiff's Motion Requests to Enter Altertive (sic) Motion before the Court in Case Defendant Wishes to Move Forth for a Jury Trial if Necessary, Plaintiff Enters Plaintiff's First Request for Admission (sic), Set of Interrogatories, and Request for Production of Documents and Things Propounded to Defendant to Set Stage for Jury Trial if Necessary in Support of Plaintiff's Motion Request to Enter Discovery Justifying Illegal Activities by the Defendants," hereinafter "Motion for Discovery." (Docket #27). To his motion, Plaintiff attached a subpoena and requests for written discovery (requests for admissions, requests for answers to interrogatories and requests for production of documents). Additionally, Plaintiff mailed a separate subpoena to Mr. Allen T. Dowden, a federal civil service employee of the Department of the Army, currently working at Fort Gordon, Georgia (attached hereto as Exhibit 1).[1]

---

[1] Even if discovery were warranted in this case, Defendant would be unable to comply with Plaintiff's subpoenas because of they are grossly defective. The subpoena attached to

Plaintiff's Motion fails to clearly state what relief he is seeking; however, it can best be characterized as a motion seeking discovery "...to set stage for Jury trial if necessary...." (Plaintiff's Motion p. 1). In other words, Plaintiff is not seeking discovery in order to respond to Defendant's dispositive motion; rather, Plaintiff is seeking discovery to assist him in preparing for trial if Defendant's dispositive motion is denied. Defendant has a dispositive motion pending before the court (Docket Entry 7), to which Plaintiff has filed three oppositions (Docket Entries 15, 17 and 21). The parties' positions are fully briefed and Defendant's motion is ready for disposition. Hence, discovery is not warranted. Moreover, Plaintiff's request for discovery pertaining to his FOIA claim should denied because FOIA cases are typically resolved without discovery. Plaintiff cannot justify deviating from this practice in this case.

Defendant requests this Court deny Plaintiff's Motion, quash the aforementioned subpoenas and stay discovery until the resolution of Defendant's currently pending dispositive motion.

## II. Background

Plaintiff is a former U.S. Army officer who was discharged by the Army in 1994. In 1999, he sought employment as a Special Agent with the U.S. Drug Enforcement Agency ("DEA"). The DEA referred Plaintiff's application for federal employment to the Office of Personnel Management ("OPM") for a background investigation, a prerequisite to determining

---

Plaintiff's Motion for Discovery fails to state to whom it is directed, the location where the unidentified person is commanded to appear and the documents or objects that said person is to produce. *See* Fed. R. Civ. P. 45. Similarly, the subpoena mailed to Mr. Dowden fails to instruct him of the date and time he is commanded to appear. *Id.* Moreover, the subpoena was mailed to Mr. Dowden at his place of work on the military installation of Fort Gordon, Georgia, well beyond the 100 mile limitation set forth in Federal Rule of Civil Procedure 45. *Id.*

Plaintiff's suitability for federal employment.

Pursuant to their statutory authority, OPM contacted the U.S. Army Crime Records Center ("ARCR") to search for information related to Plaintiff. The investigation revealed that Plaintiff, while a member of the Army, transferred from an overseas assignment to the United States and filed a claim with a U.S. Army claims office requesting reimbursement for the damage caused to his furniture and other personal property moved in conjunction with his travel. A Claims Officer believed that Plaintiff had altered a repair receipt he submitted in conjunction with his claim and referred the claim to the Army Criminal Investigation Division ("CID").

CID investigated the claim and an Army Judge Advocate determined that probable cause existed to believe that Plaintiff made a false statement and filed a false claim against the United States by altering the receipt. CID referred the investigation to Plaintiff's commander; however, Plaintiff had discharged from the military in the interim for unrelated reasons and criminal charges were not brought against him. Current ACRC records correctly reflect that Plaintiff was the subject of a criminal investigation and ACRC maintains the report of investigation ("ROI"). Information from the ROI was reported by ACRC to OPM in response to OPM's background investigation and subsequently reported by OPM to DEA.

Ultimately, the DEA declined to hire Plaintiff. Plaintiff responded by bringing suit against several federal agencies, including the DEA and the United States Department of Justice (Civil Case No. 06cv0305), the Department of the Army (Civil Case Nos. 05cv23535 and 06cv0510), and OPM (Civil Case No. 06cv0008), whom he believes played a role in his non-selection. Plaintiff also brought suit against several private entities, including a former employer (Civil Case No. 06cv0194), an apartment complex where he lived (Civil Case No. 06cv0195),

and his former spouse (Civil Case No. 06cv0123), advancing theories of tortious conduct allegedly pertaining to the information they provided to OPM.[2]

Plaintiff's complaints against the Army allege three causes of action: one, an alleged violation of the Privacy Act in that ACRC failed to amend the CID ROI that lists Plaintiff as the subject of a 1994 investigation for fraud; two, that the entry of Plaintiff's name as a subject of a criminal investigation amounted to tortious conduct of "deformation of character [sic]," identity theft and identity fraud; and three, that ACRC has improperly withheld the ROI under the FOIA. In a motion pending before this Court, Defendant moved to dismiss Plaintiff's Privacy Act cause of action and Plaintiff's allegations that sound in tort for lack of subject matter jurisdiction. Defendant also moved for summary judgment with respect to any alleged improper withholding under FOIA. Specifically, the subject ROI was released to Plaintiff on February 23, 2006, with proper redactions under FOIA Exemptions (b)(2), (b)(6), and (b)(7)(C).

### III. Argument

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. See Fed. R. Civ. P. 26(c); *see, e.g.*, Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise

---

[2] The aforementioned cases, and several others, have been designated as "related" and are currently pending before this Court.

appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990)("The decision whether to stay discovery lies in the sound discretion of the district court.").

It is entirely appropriate for a Court to stay discovery where there is a dispositive motion pending, because it is logical that "when, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions." O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); *see also* Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1 (D.D.C. 2001)(discovery is appropriately stayed while a motion that would be entirely dispositive is pending); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction).

This Court has defined a dispositive motion as "a motion that, if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from the case." United States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr., 433 F. Supp. 2d 104, 111 (D.D.C. 2006), *quoting* Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 26 (D.D.C. 2001). Here, Defendant has moved to dismiss Plaintiff's Privacy Act and tort claims for lack of subject matter jurisdiction and moved for summary judgment on Plaintiff's FOIA claims. If granted, Defendant's Motion will entirely dispose of Plaintiff's complaint. Therefore, it is an appropriate exercise of this Court's broad discretion to stay discovery until it resolves Defendants' dispositive motion.

Moreover, FOIA claims are typically resolved without discovery - a standard this Court recently reiterated:

> This court has continued to affirm the proposition that "FOIA actions are typically resolved without discovery." <u>Voinche v. F.B.I.</u>, 2006 U.S. Dist. LEXIS 2549, No. CIV.A. 04-1824, 2006 WL 177399, at * 9 (January 24, 2006); see also <u>Wheeler v. C.I.A.</u>, 271 F.Supp. 2d. 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); <u>Center for National Security Studies v. Dep't of Justice</u>, No. 01-2500, 2002 U.S. Dist. LEXIS 2983, at * 4 (D.D.C. February 21, 2002) ("Discovery in FOIA actions is generally not available."); <u>Broaddrick v. Executive Office of the President</u>, 139 F. Supp. 2d 55, 63 (D.D.C. 2001) (citations omitted) (discovery "is not typically a part of FOIA . . . cases, . . . and whether to permit discovery is within the sound discretion of the district court judge."). In order to obtain discovery in accordance with Rule 56(f) of the Federal Rules of Civil Procedure, a FOIA plaintiff generally "must establish how the specific discovery requested would create a genuine issue of material fact." <u>Center for National Security Studies</u>, 2002 U.S. Dist. LEXIS 2983, at [*4]  * 5. The court may accept the affidavits offered by an agency in support of its motion for summary judgment, "without pre-summary judgment discovery," where such affidavits are made in good faith and provide reasonable detail regarding the conduct of the search for the requested documents. <u>Broaddrick</u>, 139 F.Supp. 2d at 64; see <u>Voinche</u>, 2006 U.S. Dist. LEXIS 2549, 2006 WL 177399, at * 9.

<u>Morley v. CIA</u>, 2006 U.S. Dist. LEXIS 6858, 3-4 (D.D.C. 2006).  Plaintiff's unsupported allegations of tortious conduct are insufficient to justify discovery in this FOIA case.

## IV.  <u>Conclusion</u>

Wherefore, Defendant respectfully requests that Plaintiff's Motion for Discovery be denied and his subpoenas quashed.  Further, Defendant respectfully requests the issuance of an order staying all discovery proceedings until this Court rules on Defendant's dispositive motion.

    Respectfully submitted,

    /s  
    JEFFREY A. TAYLOR, D.C. Bar # 498610  
    United States Attorney

                /s
RUDOLPH C. CONTRERAS D.C. Bar #.  434122
Assistant United States Attorney


                /s
STEVEN M. RANIERI
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

**CERTIFICATE OF SERVICE**

     I hereby certify that on this _____ day of _____, 2007 a copy of the foregoing has been served by First-Class mail; postage prepaid to:

MR. SAM L. CLEMMONS  
548 Saint Charles Pl.  
Brookhaven, MS 39601

                                           _____/s_____  
                                           STEVEN M. RANIERI  
                                           Special Assistant U.S. Attorney  
                                           Civil Division  
                                           555 Fourth St., N.W.  
                                           Washington, D.C.  20530  
                                           202-353-9895  / FAX 202-514-8780