UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-00510 (RCL) |
| DEPARTMENT OF THE ARMY ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on defendant's motion [7] to dismiss in part and for summary judgment in part or in the alternative, to consolidate, plaintiff's motions to request entry of default against the defendant, and plaintiff's motions to enter discovery. Upon consideration of these motions, the oppositions thereto, the reply briefs, the applicable law, and the entire record herein, this Court concludes that defendant's motion [7] to dismiss in part and for summary judgment in part is GRANTED, plaintiff's motions [3, 12, 18, 22, 23, 27, 29] to request entry of default or for discovery are DENIED, and defendant's request [28] for stay of discovery is GRANTED, nunc pro tunc.

**DISCUSSION**

Plaintiff's claims in the instant case arise from three causes of action: (1) a violation of the Privacy Act of 1974, 5 U.S.C. § 552a, stemming from a failure to amend the U.S. Army Criminal Investigation Command ("CID") report of investigation ("ROI") referring to plaintiff as the subject of a criminal investigation in 1994; (2) tort violations based on the entry of plaintiff's

information in the database involving the criminal investigation; and (3) violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, regarding the improper withholding of the identification numbers and names of the individual officers, agents and witnesses who compiled the ROI.  These claims are exactly the same as those raised in <u>Clemmons v. United States Army Crime Records Center</u>, 05-cv-02353 (RCL), and stem from the same set of factual allegations.  <u>Clemmons v. United States Army Crime Records Center</u> was disposed of by granting the defendant's motion to dismiss plaintiff's Privacy Act claims pursuant to Rule 12(b)(6) for failure to exhaust his administrative remedies and his tort claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and by granting defendant's motion for summary judgment on plaintiff's FOIA claims because there was no genuine material fact at issue regarding the proper use of the FOIA exemptions.  Additionally, plaintiff's motion for summary judgment in that case was denied.  Because plaintiff's claims in the instant case are identical to those in his previous case against the United States Army Crime Records Center, a division of the United States Army, and for the reasons given in <u>Clemmons v. United States Army Crime Records Center</u>, defendant's motion to dismiss in part and for summary judgment in part in this case will be GRANTED.

     Plaintiff's superfluous motion [3] to enter judgment of default against the defendant lacks merit.  Defendant is clearly not in default because defendant was served on July 5, 2006 and filed a Motion to Dismiss [7] on September 5, 2006, within the sixty day deadline from time of service allowed under Rule 12(a)(3)(A) of the Federal Rules of Civil Procedure.  Therefore, plaintiff's motion [3] for entry of default against the defendant will be DENIED.

     Additionally, plaintiff's motion [27] to enter discovery will be DENIED as all the substantive claims in this case will have been dismissed or disposed of as a matter of summary

judgment in favor of the defendants.

## **CONCLUSION**

For the reasons stated herein and in <u>Clemmons v. United States Army Crime Records Center</u>, 05-cv-02353 (RCL), this Court shall grant defendant's motion [7] to dismiss in part and for summary judgment in part.  Additionally, this Court shall deny plaintiff's motion [3] for entry of default against the defendant and plaintiff's motion [27] to enter discovery.

A separate order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, March 30, 2007.